OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Central Trust Company, N.A., Appellant, v. Jensen et al.;
Maxwell, Trustee, Appellee.
[Cite as Central Trust Co., N.A. v. Jensen (1993),    Ohio
St.3d    .]
Execution against property -- Notice only by publication to
     party to a foreclosure sale is insufficient to satisfy due
     process, when -- R.C. 2329.26, construed.
Notice only by publication to a party to a foreclosure sale or
          to a person having an interest therein is insufficient
          to satisfy due process when the address of that party
          or interested person is known or easily
          ascertainable.  (R.C. 2329.26, construed.)
     (No. 92-1376 -- Submitted March 17, 1993 -- Decided
August 18, 1993.]
     Certified by the Court of Appeals for Montgomery County,
Nos. 12716 and 12727.
     In October 1988, appellant, Central Trust Company, N.A.
("Central Trust"), initiated an action in the Court of Common
Pleas of Montgomery County to foreclose on a mortgage it held
on the residence of Steven R. and Rita A. Jensen.  Central
Trust obtained a judgment of foreclosure on February 6, 1990,
and an order of sale on February 14, 1990.  On April 13, 1990,
appellee, Jerry Maxwell, trustee, successfully bid on the
property at a public auction for $192,000.  He placed ten
percent of the purchase price, $19,200, with the sheriff as a
deposit.  Maxwell, however, failed to produce the rest of the
purchase price within thirty days of the sale, and Central
Trust obtained an order vacating the sale.  Maxwell received
mailed notice of this order.
     On August 13, 1990, Central Trust filed a praecipe for
order of sale, and the trial court issued a second order of
sale on August 16.  Maxwell received mailed notice of the date,
time and location of the second sheriff's sale.  The property
did not sell at the second auction, however, and Central Trust
obtained a third order of sale, for a minimum price of
$75,000.  Maxwell received copies of this order and of Central
Trust's praecipe for order of sale.  Central Trust advertised
the third sale pursuant to R.C. 2329.26 in the Dayton Daily

News, but allegedly did not send notice of the time, date, and location of sale to Maxwell.

On December 14, 1990, the property sold at the third auction for $120,000 to a new buyer. The court issued an entry confirming sale on January 4, 1991. A copy of this entry was mailed to Maxwell. On January 22, Central Trust moved the court for an order to turn over Maxwell's deposit to cover the additional costs incurred and the deficiency in price upon resale, which the court allowed on February 11.

On February 20, Maxwell filed a motion to reconsider the order of turnover, arguing that Central Trust had abandoned its claim against him by its failure to notify him of the impending sale. The trial court overruled Maxwell's motion, and Maxwell appealed. The court of appeals reversed, holding that the third sale without actual notice to Maxwell deprived him of due process.

Finding its decision to be in conflict with the decisions of the Eighth Appellate District in Horizon Savings v. Simon (July 19, 1990), Cuyahoga App. No. 57278, unreported, the Twelfth Appellate District in BancOhio Natl. Bank v. Rhodes (Oct. 10, 1989), Clermont App. No. 89-01-003, unreported, and the Eleventh Appellate District in Transamerica Financial Services v. Fitzgerald (Mar. 1, 1982), Geauga App. No. 987, unreported, the court of appeals certified the record of the case to this court for review and final determination.

Daryl R. Douple, for appellant.
G. Jack Davis, Jr., for appellee.

Moyer, C.J.   The question certified for our review is "whether a party to a foreclosure action or a person with an interest in the foreclosure sale is entitled to actual notice by mail where his address is known or whether the Ohio statutory requirement of notice by publication is sufficient to satisfy due process." Our review of the principles of due process in this context convinces us that notice by publication to a person with a property interest in a proceeding is insufficient when that person's address is known or easily ascertainable. Accordingly, we affirm the judgment of the court of appeals.

In Mullane v. Central Hanover Bank & Trust Co. (1950), 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865, the Supreme Court of the United States held that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id. at 314, 70 S.Ct. at 657, 94 L.Ed. at 873. In Mullane, the Central Hanover Bank & Trust Company, under the New York Banking Law, consolidated numerous trust accounts into a common fund. Over a year later, Central Hanover Bank petitioned the Surrogate's Court for settlement of its first account as common trustee. The statute required only publication notice to trust beneficiaries, which was done. The court-appointed special guardian for persons having an interest in the income of the common fund challenged the sufficiency of notice by mere publication. The New York trial and appellate

courts overruled his objection. 399 U.S. at 309-311, 70 S.Ct. at 654-655, 94 L.Ed. at 870-871.

The Supreme Court of the United States reversed. In an opinion by Justice Jackson, the court reasoned that the minimum requirement of due process in any judicial deprivation of life, liberty or property is notice and an opportunity to be heard appropriate to the case. The court noted that personal service of written notice is always adequate in any proceeding. To determine whether less certain notice is appropriate requires balancing the respective interests of the state and the persons subject to the deprivation. This balancing is case specific and not subject to any formula. Notice that is a "mere gesture" is insufficient; it must be "such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." Id. at 313-315, 70 S.Ct. at 657, 94 L.Ed. at 873-874.

The Supreme Court rejected the notion that publication is a reliable means of notifying interested parties that their rights are being adjudicated. Id. at 315, 70 S.Ct. at 658, 94 L.Ed. at 874. The court conceded that in certain cases publication notice is adequate because no more effective method is practicable. Indeed, the court affirmed that publication notice was sufficient as to those persons whose addresses were unknown or whose interests were unknown, future, or conjectural. Nevertheless, the indulgence of a necessary legal fiction for those persons was inappropriate for present, known trust beneficiaries, whose addresses the trustee had on file. These beneficiaries were entitled at least to notice by ordinary mail to their record addresses. Id. at 317-318, 70 S.Ct. at 659, 94 L.Ed. at 875. The court concluded that publication notice to known beneficiaries would not satisfy "a prudent man of business, counting his pennies but finding it in his interest to convey information to many persons whose names and addresses are in his files." Id. at 320, 70 S.Ct. at 660, 94 L.Ed. at 876.

In Mennonite Bd. of Missions v. Adams (1983), 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed. 2d 180, the court addressed the question of what is adequate notice to a mortgagee of property of its impending tax sale. The court held that notice by mail, or by other means equally reliable, is the minimum constitutional requirement for a proceeding affecting the property interest of a party when that party's name and address are reasonably ascertainable. Id. at 798-800, 103 S.Ct. at 2711-2712, 77 L.Ed. 2d at 187-188.

The statute in Mennonite provided for a judicial sale of property for nonpayment of taxes by the owner. The statute required notice by certified mail to the property owner, but not to mortgagees of the property.

The United States Supreme Court reasoned that a mortgagee has a substantial interest in a property subject to a tax sale because a tax sale may suddenly and dramatically reduce the value of the mortgagee's security interest in the property. The court observed that publication notice of a tax sale serves primarily to attract prospective buyers, and is not an effective method of informing a mortgagee who, although possessing an interest in the property, would not normally make special efforts to protect that interest. Nor did Mennonite's

relative sophistication change the result. "[A] party's ability to take steps to safeguard its interests does not relieve the State of its constitutional obligation." Id. at 798-799, 103 S.Ct. at 2711-2712, 77 L.Ed.2d at 187-188.

In Ohio, it has been held that due process requires notice by mail to a judicial lienholder before a foreclosure sale on real property. Central Trust Co., N.A. v. Spencer (1987), 41 Ohio App.3d 237, 535 N.E.2d 347. Spencer involved a judgment creditor who obtained a lien on the debtor's real property and then intervened in a foreclosure action involving the same property. The property owner filed bankruptcy before a sheriff's sale could be held, thereby staying the sale. The bankruptcy action was later dismissed and the foreclosure action reinstated, but the judgment creditor never received notice of these developments or of the sale.

The court of appeals vacated the sheriff's sale, holding that a judicial lien is a constitutionally protected property interest similar to a mortgage. The judicial sale had extinguished the creditor's interest without an opportunity for him to bid. The court noted that the fact that the creditor's address was readily ascertainable made notice by mail a constitutional necessity.

The principle running through these cases is that notice at least by mail is a constitutional prerequisite to a proceeding that adversely affects a property interest where the interest holder's address is known or easily ascertainable. Appellant argues that Mennonite and Spencer are distinguishable on their facts in that Mennonite involved a tax sale procedure of which the mortgagee was ignorant, and Spencer involved a judicial lien. Appellant's reading of these cases is too narrow. The requirements of due process do not depend on the technical nature of the proceeding. Nor do they depend on the strength of an interest holder's inkling that its property interest may soon be in jeopardy. They depend instead on the reasonable balance between the property interest sought to be protected and the state's interest in efficiency and finality in proceedings affecting property. Mullane, supra. When a party's address is known or easily ascertainable and the cost of notice is little more than that of a first-class stamp, the balance will almost always favor notice by mail over publication.

We do not hold that a party's knowledge and ability to protect itself are irrelevant. They are part of the balance. Nevertheless, the fact that a party may be sophisticated does not impose upon it the duty constantly to peruse the back pages of local newspapers for notices it could reasonably expect to receive in the mail. In the instant case, appellee Maxwell had been receiving a steady stream of mailed notices of developments in the disposition of the property. Appellant argues that Maxwell's receipt of the third praecipe and order of sale should have caused him to take steps to discover the time, date and location of the impending sale. Perhaps he should have. However, given the actual notice he had previously received, it was natural for Maxwell to anticipate actual notice of the sale itself. See In re Foreclosure of Liens for Delinquent Taxes (1992), 79 Ohio App.3d 766, 607 N.E.2d 1160 (fact that mortgagee knew that sale of property

would take place some time in the future was not equivalent to notice of time and place of sale).

We have found no case deciding whether a bidder at a sheriff's sale who fails to produce the purchase price, and thus stands to forfeit his deposit, possesses a property interest in a future sheriff's sale. Cases have held that protected property interests include mortgages, Mennonite, supra; judgment liens, Spencer, supra, Verba v. Ohio Cas. Ins. Co. (C.A.6, 1985), 851 F.2d 811; and a creditor's claim against a decedent's estate, Tulsa Professional Collection Services v. Pope (1988), 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565. Property interests arise not from the Constitution but are created and defined by existing rules that stem from an independent source such as state law. Parratt v. Taylor (1981), 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420; Bd. of Regents of State Colleges v. Roth (1972), 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548. R.C. 2329.30 provides that a court "shall punish as for contempt any purchaser of real property who fails to pay the purchase money therefor."

It is uncontroverted that the trial court had the authority to turn over Maxwell's deposit to pay in part for the administrative costs of the subsequent sale and any deficiency in price caused thereby. Had Maxwell known of the date, time, and place of the sale, he could have himself bid or taken steps to produce bidders to raise the sale price to prevent the deficiency. The lack of notice extinguished his ability to protect his substantial deposit. We hold, therefore, that a successful bidder at a foreclosure sale who risks losing his or her deposit for failure to pay the purchase price possesses a property interest sufficient to merit due process protection.

For the above-stated reasons, we hold that notice only by publication to a party to a foreclosure sale or a person having an interest therein is insufficient to satisfy due process when the address of that party or interested person is known or easily ascertainable. The judgment of the court of appeals is affirmed.

Judgment affirmed.

A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.