NINE FIFTY SERVICE CORPORATION et al., Appellees,

v.

RUNION et al., Appellees; Lukacs, Appellant.

[Cite as *Nine Fifty Serv. Corp. v. Runion* (1997), 124 Ohio App.3d 440.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APE06–824.

Decided Dec. 16, 1997.

*Harris, McClellan, Binau & Cox, Edward T. McClellan* and *James E. Roberts,* for plaintiffs-appellees.

*Betty D. Montgomery,* Attorney General, and *Trish Lazich,* Assistant Attorney General, for defendant-appellee Ohio Department of Taxation.

*Randall J. Imwall,* for defendant-appellee Bank One, Columbus, N.A.

*Janet E. Jackson,* City Attorney, and *James D. Newcomer,* Assistant City Attorney, for defendant-appellee city of Columbus.

*Ronald J. O'Brien,* Franklin County Prosecuting Attorney, and *Bonnie Maxton,* Assistant Prosecuting Attorney, for defendant-appellee James Karnes, Franklin County Sheriff.

*Ronald J. O'Brien,* Franklin County Prosecuting Attorney, and *Philip M. Walther,* Assistant Prosecuting Attorney, for defendant-appellee Bobbie M. Hall, Franklin County Treasurer.

*Dale A. Goldberg,* United States Attorney, and *O. Charles Hosterman,* Assistant United States Attorney, for defendant-appellee United States of America.

*Christopher T. Cline,* for appellant.

---

CLOSE, Judge.

This is an appeal from a judgment of the Franklin County Court of Common Pleas denying the return of appellant's $10,000 security deposit after a failure to complete a purchase of real property sold at sheriff's sale.

Plaintiffs-appellees, Nine Fifty Service Corporation and McClellan Corporation, filed a complaint against defendants-appellees, Timothy L. Runion and Linda K. Runion, on March 9, 1995, seeking to foreclose their mortgages and have the property sold at sheriff's sale. Ultimately, on June 28, 1995, an agreed judgment entry and decree of foreclosure was granted, reciting the liabilities to the various plaintiffs and liens on the property. That entry ordered the sheriff to appraise, advertise, and sell the real estate according to law. An order of sale was issued on September 1, 1995, to appellant, Tracy Lukacs, who was the successful bidder at the sheriff's sale. The sheriff's return filed several days later indicated that the premises had been appraised at $318,900 and that the successful bid had been for $241,000.

On October 4, 1995, an order confirming the sale of real property was filed. The confirmation also included the following language:

"It is further ORDERED that if Tracy Lukacs does not tender the balance of the funds within thirty (30) days after the date of Confirmation Order, then her Ten Thousand Dollars ($10,000) deposit made at the time of sale is forfeited and held pursuant to further Order of this Court."

On November 13, 1995 (which is more than thirty days since the October 4, 1995 order confirming the sale of the real property), plaintiffs' counsel filed a motion to set aside the sale and to order a new sale of the property by virtue of the default of appellant. That motion was not served on appellant. In that motion, plaintiffs' counsel further requested that the court disburse the $10,000 deposit to the first mortgagee. On December 5, an court order was entered withdrawing the previous confirmation, filed on October 4, 1995, and ordering that the $10,000 deposit be forfeited and disbursed by the sheriff's office to the first mortgagee. No notice was given prior to the initial forfeiture.

Ultimately, on January 26, 1996, a second sale was conducted, resulting in plaintiffs' purchasing the property for $212,600. That sale was· confirmed on March 22, 1996. Meanwhile, on December 18, 1995, the attorney for appellant had written the court, questioning the proper method in which to address the forfeiture of the deposit. A letter was again written by appellant's attorney on May 23, 1996. Apparently as a result of those letters, on June 6, 1996, the trial court put on an order vacating the forfeiture of appellant's deposit. On January 27, 1997, appellant filed a motion for return of the deposit. On May 28, 1997, the trial court issued a decision and entry denying the motion to return the deposit. This appeal then ensued.

Appellant brings a single assignment of error as follows:

"It was error for the trial court to overrule the motion of the sheriff's sale purchaser for return of her $10,000 security deposit, where the real estate at issue was resold to a second purchaser without notice of a reservation of further action against such first purchaser, where the retention of the security deposit was through the vehicle of an absolute forfeiture, and, where no notice was given to the purchaser of the forfeiture provision, or of the implementation of the forfeiture."

■ It is by now axiomatic that, upon the confirmation of the first sale on October 4, 1995, the successful bidder was a party to the action. *Ohio Sav. Bank v. Ambrose* (1990), 56 Ohio St.3d 53, 563 N.E.2d 1388. As a result, the November 13, 1995 motion to set aside the sale required service on appellant to be effective. The resulting order on December 5, 1995, withdrawing the previous confirmation and ordering the $10,000 deposit forfeited and disbursed to the first mortgagee, was therefore voidable, requiring an analysis under the standards of *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, as to its appropriateness. This transaction was further complicated by the judge's *sua sponte* order of June 6, 1996, setting aside the forfeiture, without a motion having first been filed. Obviously no service was made on this motion to either party. This order also appears voidable and, if challenged, subject to the same *GTE* review.

Our Supreme Court held in *Cent. Trust Co. N.A. v. Jensen* (1993), 67 Ohio St.3d 140, 616 N.E.2d 873, that a successful bidder at a foreclosure sale who risks losing his or her deposit for failure to pay the purchase price possesses a property interest sufficient to merit due process protection. Appellant's interest was clearly distinct from that of the general public. Appellant could not be adequately "noticed" of the sale by publication in a newspaper of general circulation. *Central Trust*; see, also, *Galpin v. Lamb* (1876), 29 Ohio St. 529, 1876 WL 121.

The validity of the sale as it pertains to this action is unquestioned. The appropriateness of the forfeiture of the deposit is what is at issue. It is uncontroverted that the trial court has the authority to turn over the deposit to pay in part for the administrative costs of the subsequent sale and any deficiency in the price caused thereby, provided notice is given to appellant. It is equally clear that, as a result of the second sale going forward without notice to appellant, the first mortgagee is prevented from obtaining appellant's deposit as partial payment for the "deficiency in price" from the first sale to the second sale. Therefore, there can be no action to recover on the "deficiency in price" from the first sale to the second. *Central Trust*; *Galpin*. Appellant was entitled to have the opportunity to mitigate her potential loss.

We find, however, no constitutional impediment to the appellant's being required to surrender from her deposit those funds necessary to pay the cost of the second judicial sale, as these costs were a direct result of appellant's failure to pay the amount she bid at the first sale. *Central Trust*. Appellant could not have protected herself by actual notice of the second sale from responsibility for payment of these already incurred expenses. These expenses include costs of sale and reasonable attorney fees incurred in effecting the judicial sale. *Id.* The necessary "costs of sale" associated with the second sale may include such things as reappraisal, readvertisement, notice and publication, interest lost on the bid amount by the delay in sale, and attorney fees previously referred to. All may be proper elements of damage to be deducted from the security deposit.

Appellant's assignment of error is sustained.

The judgment of the trial court is reversed, and this cause will be remanded to the trial court for appropriate hearing as to the amount of damages incurred and the return of any forfeited funds, less allowable expenses.

*Judgment reversed*
*and cause remanded.*

TYACK, P.J., and STRAUSBAUGH, J., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, sitting by assignment.