Defendant-appellant Alonzo Snipes ("appellant") appeals from a judgment of the trial court denying appellants motion to vacate sale arising from a foreclosure action instituted by plaintiff/appellee Francis E. Gaul, as Treasurer of Cuyahoga County, Ohio ("Cuyahoga County").[1] Appellant raises the following errors for our review:
 I. THE COURT ERRED IN FAILING TO APPLY THE APPLICABLE LAW TO THE FACTS IN THE CASE; THAT IS, AN INTERESTED PARTY IN A FORECLOSURE SALE MUST RECEIVE WRITTEN NOTICE OF THE TIME, PLACE AND DATE OF SALE WHEN THE PARTY'S ADDRESS IS KNOWN OR EASILY ASCERTAINABLE.
 II. MAGISTRATES CONFIRMATION OF SALE OF CITED PROPERTY JOURNALIZED MAY 28, 1997, FAILS TO SHOW THAT WRITTEN NOTICE OF SALE WAS ISSUED TO DEFENDANT ALONZO SNIPES, JR., AN INTERESTED PARTY.
 III. THE COURT ERRED IN ADMITTING PURCHASERS POST-TRIAL BRIEF OF SUPPLEMENTAL AUTHORITY FILED AUGUST 21, 1997, AFTER THE CASE WAS HEARD AND SUBMITTED ON AUGUST 6, 1997.
Finding appellants appeal to lack merit, the judgment of the trial court is affirmed.
 I.
On January 7, 1993, Cuyahoga County filed a complaint for foreclosure against appellant and his wife, who was listed on the complaint as Jane Doe, alleging the existence of a tax deficiency in the amount of One Thousand Two-Hundred-Fifteen Dollars and Fifty Cents ($1,215.50) for property located at 11603-05 Durant Avenue, Cleveland, Ohio 44108, permanent parcel number 110-20-017. The complaint also named as defendants several other government entities that allegedly had claims or liens against appellant or the subject property.
On January 7, 1993, Cuyahoga County filed instructions with the court requesting service of the complaint upon appellant and his wife by certified mail at appellants business address, 526 Superior Avenue, #733, Cleveland, Ohio 44114.[2] On January 14, 1993, service was perfected by certified mail upon appellant at his business address. However, appellant, a practicing attorney in the State of Ohio for over twenty years, failed to enter an appearance in the underlying foreclosure action.
On September 16, 1993, the trial court filed a judgment of foreclosure by default. Pursuant to the decree, the subject property was scheduled for sheriffs sale on February 14, 1994. Appellant received notice of the scheduled sale and, on February 4, 1994, entered into a contract with Cuyahoga County wherein appellant agreed to pay his delinquent taxes, which with penalties and interest had increased to Two Thousand Three Hundred Seventy-Three Dollars and Thirty-Seven Cents ($2,373.37), in five installments of Four Hundred Seventy-Four Dollars and Sixty-Eight Cents ($474.68). As a result, on February 15, 1994, the trial court ordered the property be withdrawn from sale and that the order of sale be returned without execution.
Appellant subsequently defaulted on the installment agreement and Cuyahoga County obtained another order of sale for the subject property. The property was scheduled to be offered for sale on May 6, 1996. However, on January 24, 1996, appellant entered into a second contract with Cuyahoga County wherein appellant agreed to pay his delinquent taxes, which had increased to Three Thousand Seventy-Eight Dollars and Thirty-Two Cents ($3,078.32), in five semi-annual installments of Six Hundred Fifteen Dollars and Sixty-Seven Cents ($615.67). On April 9, 1996, the trial court again issued an order returning the order of sale without execution.
Appellant defaulted on the second installment contract; as a result, the subject property was scheduled for sale on May 5, 1997. On May 5, 1997, LaFayette Carthon, Jr. successfully bid on the property at a public auction for Thirteen Thousand Dollars ($13,000.00). On May 28, 1997, the trial court filed a confirmation of sale.
On June 24, 1997, appellant filed a motion to vacate sale claiming that he was never served with the complaint for foreclosure. In response, Mr. Carthon produced the evidence that appellant had been served with the complaint, including instructions for service and a signed certified mail return receipt. On July 14, 1997, appellant filed an amended motion to vacate sale. In his amended motion, appellant claimed that he did not receive notice of the foreclosure sale.
On August 6, 1997, appellants motion to vacate was heard by a magistrate. At the hearing, William J. Coyne, an assistant prosecuting attorney, testified that notice of the foreclosure sale was sent to all interested parties in the instant case. However, he had no documented proof that appellant was sent notice of the sale. Appellant testified that he never received notice of the foreclosure sale. However, appellant stated he knew that the subject property would again be scheduled for sale because of his default on the second installment contract.
On August 21, 1997, Mr. Carthon filed supplemental authority with the court; Mr. Carthon requested that the court considerGaul v. Haas (May 11, 1995), Cuyahoga App. No. 67313, unreported, during its deliberation on appellants motion to vacate sale. On August 25, 1997, appellant filed a response objecting to the submission and consideration of the supplemental authority.
On September 19, 1997, the magistrate filed her decision. The magistrate found that: "Mr. Snipes has failed to establish that Notice of Sale was not sent, and the Magistrate finds his testimony regarding ignorance of the sale date lacks credibility." Therefore, the magistrate concluded that appellants motion to vacate sale should be denied.
On September 30, 1997, appellant filed his objection to the magistrates report. On January 8, 1998, the trial court filed a journal entry overruling appellants objection to the magistrates report, adopting the magistrates decision, and overruling appellants motion to vacate. On February 3, 1998, appellant filed the instant appeal.
 II.
In his first and second assignments of error, appellant argues, in effect, that the trial court erred in overruling his motion to vacate sale because he allegedly did not receive notice of the foreclosure sale of the subject property.
Appellants motion to vacate sale does not cite to Civ.R. 60 (B). However, it is well established that Civ.R. 60(B) provides the exclusive means for vacating a judgment. See State ex rel.Boardwalk Shopping Center, Inc. v. Court off Appeals for CuyahogaCounty (1990), 56 Ohio St.3d 33, 35-36; Mahone v. Copeland (Oct. 20, 1994), Cuyahoga App. No. 66993, unreported.
Civ.R. 60(B) provides:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. * * *
In order to prevail on a motion brought under Civ.R. 60 (B), the movant must demonstrate the following: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5)[3] and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order, or proceeding was entered or taken. GTEAutomatic Elec. Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. A motion for relief from judgment must be overruled unless all three of these elements are satisfied. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20. A trial courts decision to deny a Civ.R. 60(B) motion is reviewed under an abuse of discretion standard. Id.
Appellant alleges that he did not receive notice of the foreclosure sale of the subject party. "[A] mortgagee clearly has a legally protected property interest, [and] is entitled to notice reasonably calculated to apprise him of a pending tax sale." Mennonite Bd. off Missions v. Adams (1983), 462 U.S. 791,798-800. "Notice only by publication to a party to a foreclosure sale or to a person having an interest therein is insufficient to satisfy due process when the address of that party or interested person is known or easily ascertainable." Central Trust Company,N.A. v. Jensen (1993), 67 Ohio St.3d 140, syllabus. As a general rule, notice by mail, or by other means equally reliable, is the minimum constitutional requirement for a proceeding affecting the property interest of a party when that party's name and address are reasonably ascertainable. Mennonite, 462 U.S. at 798-800.
Appellant argues that, if he would have been notified of the foreclosure sale, he would have paid the back taxes on the subject property. This case is analogous to Gaul v. Haas (May 11, 1995), Cuyahoga App. No. 67313, unreported, wherein the court stated:
 * * * In the motion for relief from judgment, the only statement made by defendants-appellants which could be possibly construed as a meritorious claim or defense was that, if notified of the foreclosure sale, defendants-appellants would have been able to pay the back taxes on the property. However, this self-serving and unsupported statement does not rise to the level necessary to be considered as a meritorious claim or defense. * * *
Based upon the foregoing, we find that appellant failed to demonstrate that he had a meritorious claim or defense to present if relief was granted; therefore, appellant was not entitled to relief from judgment pursuant to Civ.R. 60 (B).
Moreover, we note that conflicting evidence was presented at the hearing on whether appellant was served by mail with notice of the subject foreclosure sale. Appellant insists that he never received notice of the sale. However, Mr. Coyne testified that notice of the foreclosure sale was sent to all interested parties in the instant case. In fact, because of the implications of the Jensen decision, Mr. Coyne testified that he personally instructed the office of the clerk of courts to send notice of sale "to all parties in every single case * * * notice of the time, date and place of each and every sale." We conclude that the trial court did not abuse its discretion in accepting the credible testimony of Mr. Coyne and rejecting appellants self-serving, unsupported contention that he was not served with notice of the sale.
Accordingly, appellants first and second assignments of error are overruled.
 III.
As for his third assignment of error, appellant argues that the trial court erred in considering supplemental authority filed by Mr. Carthon after the hearing on appellants motion to vacate sale. Appellant apparently challenges the submission of the supplemental authority "* * * without affording Defendant [appellant] the opportunity to challenge the submission in open ourt."
The supplemental authority in question, Gaul v. Haas (May 11, 1995), Cuyahoga App. No. 67313, unreported, accurately summarizes the applicable law on the issues before the court. As such, we find any possible error in the submission or consideration of the supplemental authority to be harmless pursuant to Civ.R. 61. Moreover, we note that appellant had an opportunity to, and in fact did, file a response to the submission of supplemental authority, which was also expressly considered by the magistrate in her decision.
Accordingly, appellants third assignment of error is overruled and the judgment of the trial court is affirmed.
[1] During the pendency of this appeal, Cuyahoga County filed a notice of substitution of party wherein James Rokakis, as Treasurer of Cuyahoga County was substituted as the plaintiff/appellee.
[2] We note that appellant moved his law practice from this address during the pendency of this foreclosure action without notifying the court or the prosecution as to where future notice should be served.
[3] Civ.R. 60(B)(5) provides for the only possible grounds for relief under the facts presented by appellant. Civ.R. 60 (B) allows relief for "any other reason justifying relief from the judgment." Civ.R. 60(B)(5) may only "be used in an extraordinary and unusual case when the interest of justice warrants it." Adomeit v. Baltimore (1974), 39 Ohio App.2d 97,105.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN. J and
 ANNE L. KILBANE. J. CONCUR.
 ________________ LEO M. SPELLACY PRESIDING JUDGE