OPINION
Plaintiff-appellant Ohio Savings Bank appeals from the October 10, 2000, Decision and Judgment Entry of the Ashland County Court of Common Pleas denying its Motion to Stay Confirmation and to Vacate Sheriff's Sale.
 STATEMENT OF THE FACTS AND CASE
On March 6, 2000, appellant Ohio Savings Bank filed a complaint for money, foreclosure and other equitable relief against Lawrence O. Hawley, Kathy J. Hawley, Firstplus Financial, Inc., and the Ashland County Treasurer in the Ashland County Court of Common Pleas. Thereafter, an answer and cross-claim was filed by the Ashland County Treasurer on March 10, 2000.
After the Hawleys and Firstplus Financial, Inc. were served with a copy of the summons and complaint but failed to file an answer, appellant, on June 28, 2000, filed an application for default judgment. Pursuant to a Judgment Entry filed the next day, the trial court granted appellant's application for default judgment and ordered that the subject property be foreclosed. Subsequently, a Praecipe for Order of Sale was filed by appellant on July 11, 2000. The July 10, 2000, cover letter addressed to the Clerk of Court's Office that accompanied the Praecipe contained the following notation at the bottom: "cc: Sheriff's Office-Civil Division: Please notify me of the date of the Sheriff's Sale by forwarding to my office a copy of the sale publication after the first running. I have provided a return envelope for this purpose." Because the address on the Praecipe and/or Judgment Entry was incorrect, appellant filed a Corrected Praecipe for Order of Sale on July 13, 2000, and an Amended Praecipe for Order of Sale on July 19, 2000. The cover letters to these two Praecipes contained the same notation as the July 10, 2000, letter. On July 19, 2000, the order of sale was filed but did not include the date of sale.
Subsequently, the subject property, which had been appraised in the amount of $130,000.00 and been advertised by publication[1], was sold at Sheriff's Sale on August 28, 2000, for $870,000.00 to Marjorie J. Human. An order of sale was returned and filed on August 31, 2000. At the time of the sale, the debt due to appellant was in excess of $112,000.00.
Thereafter, on September 8, 2000, appellant filed a Motion to Stay Confirmation and to Vacate Sheriff's Sale. Appellant, in its motion, argued that it had not received notice of the Sheriff's Sale and that, had it been notified, it would have appeared at the sale and bid up to the total amount of its debt. Appellant, in its motion, specifically argued that the Sheriff's Sale should be vacated since the "written notice required by R.C. 2329.26(A)(1) was not given and the proof of service was not filed with the court." Attached to appellant's motion was an affidavit from appellant's paralegal stating that at no time did appellant receive a copy of the Sheriff's Sale notice from the newspaper or the Sheriff's Office.
Pursuant to a Decision and Judgment Entry filed on October 10, 2000, the trial court overruled appellant's motion, stating as follows:
 On September 8, 2000, the Plaintiff [appellant] filed this Motion to set aside the Sheriff's Sale on the basis that Plaintiff, by its counsel, did not receive Notice of the proposed sale. Plaintiff argues that Ohio Revised Code, Sections 2329.26 and 2329.27 require such a Notice to Plaintiff, or its counsel.
 A review of Ohio Revised Code, Sections 2329.26 and 2329.27 indicates that the burden is on the Plaintiff, or its counsel, to be certain all affected partes [sic] receive notice of the sale date and time. Specifically, Plaintiff . . . "Causes a written notice of the date, time and place of the sale to be served in accordance with divisions (A) and (B) of Civil Rule 5 upon the judgment debtor and upon each other party to the action . . ." [Ohio Revised Code, Section 2329.26(A)(1)(a)(i)] (emphasis supplied).
 The Court is finding that these sections are designed to protect the Defendant, and other parties, to the action. These sections place the burden on the Plaintiff to comply with their provisions and is not designed, under these facts and circumstances, to protect the Plaintiff. The Court is finding that the Plaintiff cannot now use these sections to set aside a sale. The sale of property was properly advertised. This is the only action required by the statutes to give formal notice to the Plaintiff. This interpretation recognizes the reality of the situation that Plaintiff's counsel has the means to monitor its own foreclosures and should be responsible to do so. While it would be the better practice for the Plaintiff or its counsel to receive a copy of the formal Notice of the proposed sale date, such is not required by the Code. . . .
It is from the trial court's October 10, 2000, Decision and Judgment Entry that appellant prosecutes its appeal, raising the following assignments of error:
I
 THE TRIAL COURT ERRED IN NOT VACATING THE SHERIFF'S SALE PURSUANT TO OHIO REVISED CODE, SECTION 2329.27(B) AS THE SAME WAS NOT HELD IN ACCORDANCE WITH THE REQUIREMENTS OF OHIO REVISED CODE, SECTION 2329.26(A)(1).
 II
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN NOT VACATING THE SHERIFF'S SALE AS APPELLANT DID NOT RECEIVE NOTICE OF THE SALE AND THEREFORE IT WAS DENIED DUE PROCESS.
This case has been assigned to the court's accelerated docket.
 I, II
Appellant, in its two assignments of error, argues that the trial court erred in denying appellant's Motion to Vacate the Sheriff's Sale. Appellant specifically contends that the Sheriff's Sale should have been vacated since it was not held in accordance with R.C. 2329.26(A)(1) and since appellant did not have notice of the same.
R.C. 2329.26 states, in relevant part, as follows:
 (A) Lands and tenements taken in execution shall not be sold until both of the following occur:
 (1)(a) Except as otherwise provided in division (A)(1)(b) of this section, the judgment creditor who seeks the sale of the lands and tenements or the judgment creditor's attorney does both of the following:
 (i) Causes a written notice of the date, time, and place of the sale to be served in accordance with divisions (A) and (B) of Civil Rule 5 upon the judgment debtor and upon each other party to the action in which the judgment giving rise to the execution was rendered;
 (ii) At least seven calendar days prior to the date of the sale, files with the clerk of the court that rendered the judgment giving rise to the execution a copy of the written notice described in division (A)(1)(a)(i) of this section with proof of service endorsed on the copy in the form described in division (D) of Civil Rule 5.
R.C. 2329.27(B)(1) provides, in part, that if the written notice requirements of R.C. 2329.26(A)(1)(a) and the public notice requirements of R.C. 2329.26(A)(2) are not complied with, a sale of land shall be set aside on motion.
The syllabus in Central Trust Company, N.A. v. Jensen (1993),67 Ohio St.3d 140, 616 N.E.2d 873, reads as follows:
 Notice only by publication to a party to a foreclosure sale or to a person having an interest therein is insufficient to satisfy due process when the address of that party or interested person is known or easily ascertainable. (R.C. 2329.26, construed.)
Appellant in the case sub judice is both a party and a person having an interest in the property subject to the foreclosure sale. Appellant's address was known or easily ascertainable. Appellant was not givenactual notice of the Sheriff's Sale, rather notice was only made upon appellant of the Sheriff's Sale by publication.
Accordingly, pursuant to the syllabus of Central Trust, we find that the trial court erred in denying appellant's Motion to Vacate Sale. SeeLeader Mortgage Co. v. Parr (Jan. 26, 1998), Stark App. No. 97CA00209, unreported.
Appellant's two assignments of error are sustained.
The judgment of the Ashland County Court of Common Pleas is reversed. This matter is remanded to the trial court for the issuance of an order granting appellant's Motion to Stay Confirmation and to Vacate Sheriff's Sale, and for further proceedings in accordance with the law.
Edwards, J., Hoffman, P.J. and Wise, concurs.
 JUDGMENT ENTRY
CASE NO. 00-COA-01387.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings in accordance with our opinion and the law. Costs to appellees.
[1] Proof of Publication was filed on August 14, 2000.