OPINION
{¶ 1} Defendants-appellants, Randy B. and Jannetta L. Hatfield (hereinafter collectively "appellants"), appeal from the judgment entry of the Franklin County Court of Common Pleas granting default in favor of plaintiff-appellee, Fifth Third Bank (hereinafter "Fifth Third"), and the judgment entry of the Franklin County Court of Common Pleas denying appellant's motion to vacate judgment. For the following reasons, we reverse.
 {¶ 2} On June 13, 2001, Fifth Third filed suit against appellants requesting foreclosure of a mortgage on property owned by appellants, Wilbur Road, Lot 20, New Albany, Ohio 43054 (hereinafter "property").[1] In addition to appellants, eight additional defendants were listed as parties. One of the additional defendants was "Unknown Tenants, if any, of Wilburn Road, Lot 20, New Albany, Ohio 43054."
 {¶ 3} Fifth Third requested certified mail service upon appellants at P.O. Box 630025, Cincinnati, Ohio 45263. Certified mail service upon appellants failed.[2] Fifth Third did not attempt ordinary mail service at this address. Moreover, this was the only address at which Fifth Third attempted certified mail service upon appellants. On September 7, 2001, Fifth Third filed a motion for service by publication, which the trial court granted the same day.
 {¶ 4} Fifth Third also requested certified mail service upon Unknown Tenant at Wilburn Road, Lot 20, New Albany, Ohio 43054 (hereinafter "Tenant"). Certified mail service upon the Tenant failed, and was returned to the Franklin County Clerk of Courts for the reasons "attempted — not known" and "insufficient address." Fifth Third made no further attempts at service upon the Tenant, who Fifth Third dismissed as a defendant on August 31, 2001.
 {¶ 5} On December 18, 2001, Fifth Third filed a motion for default judgment against, inter alia, appellants. The trial court granted default judgment on December 21, 2001.
 {¶ 6} The property was subsequently sold at sheriff's sale on May 3, 2002. The successful bidder was appellee, M W Properties, Ltd. (hereinafter "M W").
 {¶ 7} On June 10, 2002, appellants filed a motion to vacate the default judgment. In their motion, appellants maintained they never had a mailing address at P.O. Box 630025, Cincinnati, Ohio 45263. However, appellants never filed an affidavit in support of this assertion. Further, there was no attempt to serve them at either the property or their current address, 3700 Bennington Chapel Road, Utica, Ohio 43080-9582 (hereinafter "Bennington address"), both of which Fifth Third was aware. Finally, appellants note the certified mail service to the Tenant was incorrectly mailed to Wilburn Road.
 {¶ 8} After the trial court confirmed the sale of the property,[3] the trial court scheduled a hearing on the motion. Originally, the hearing was scheduled for December 6, 2002. However, on January 14, 2003, the trial court rescheduled it to February 13, 2003.[4]
 {¶ 9} The trial court conducted the hearing on February 13, 2003. Appellants' counsel was present. However, due to the confusion regarding the hearing date, appellants were not present. At the conclusion of the hearing, the trial court orally overruled appellants' motion to vacate. The trial court journalized its ruling on February 24, 2003.
 {¶ 10} Appellants timely appeal and assert the following assignments of error:
I. The trial court erred in granting the Appellee's motion for default judgment against Appellants, as the record contained insufficient evidence of compliance with the Ohio Rules of Civil Procedure regarding service of process and the Constitutional requirements of due process.
II. The trial court erred in confirming the sheriff's sale and ordering distribution of the proceeds thereof through its numerous entries and orders, as the procedural requirements for conducting the sale were not followed.
III. The trial court erred in not granting Appellant's Motion to Vacate Default Judgment and to Stay Further Action, which was filed June 10, 2002, and in not setting aside the sale of the property.
 {¶ 11} Appellants' first assignment of error contends that service of process did not comport with due process requirements. As such, the default judgment rendered against them is void as the trial court lacked personal jurisdiction.
 {¶ 12} It is well-established a court lacks personal jurisdiction to enter a default judgment against a defendant where effective service of process has not been made upon the defendant and the defendant has not appeared in the case or otherwise waived service. Rite Rug Co. v. Wilson (1995),106 Ohio App.3d 59, 62. Absent proper service, the trial court lacks jurisdiction to enter a judgment, and if a judgment is nevertheless rendered, it is a nullity and void ab initio. O.B.Corp. v. Cordell (1988), 47 Ohio App.3d 170, 171.
 {¶ 13} The authority to vacate a void judgment is not derived from Civ.R. 60(B) but, rather, is an inherent power possessed by Ohio courts. Lincoln Tavern v. Snader (1956), 165 Ohio St. 61, paragraph one of the syllabus; see, also, Internat'l Lottery,Inc. v. Kerouac (1995), 102 Ohio App.3d 660, 671. A Civ.R. 60(B) motion is a collateral attack upon a judgment, but a motion to vacate a judgment due to lack of jurisdiction is a direct attack upon a judgment. In re Miller (1986), 33 Ohio App.3d 224, 227. Further, because courts have inherent power to vacate their own void judgments, motions to vacate void judgments "need not satisfy the requirements of Civ.R. 60(B)." Id.; Community Ins.Co. v. Sullivan (June 30, 1997), Franklin App. No. 96APE12-1750. Thus, the appropriate recourse for challenging a void judgment that is encumbered by a jurisdictional defect is to file a common law motion to vacate based upon the inherent power of a trial court to set aside a judgment. See Molz v. Magdych (Aug. 23, 1996), Trumbull App. No. 96-T-5396.
 {¶ 14} "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullanev. Cent. Hanover Bank Trust Co. (1960), 339 U.S. 306, 314,70 S.Ct. 652, cited in Cent. Trust Co. v. Jensen (1993),67 Ohio St.3d 140, 141. Moreover, "notice by mail or by other means equally reliable, is the minimum constitutional requirement for a proceeding affecting the property interest of a party when the party's name and address are reasonably ascertainable." Jensen,
at 142, citing Mennonite Bd. of Missions v. Adams (1983),462 U.S. 791, 798-800, 103 S.Ct. 2706. Accordingly, the prevailing principle of Mullane and Adams is "notice at least by mail is a constitutional prerequisite to a proceeding that adversely affects a property interest where the interest holder's address is known or easily ascertainable." Jensen, at 143.
 {¶ 15} In the case at bar, the record reveals this constitutional prerequisite was not met. There was never any attempt made by Fifth Third to serve appellants at the property address, which was both known and easily ascertainable to Fifth Third. There is no reason which justifies Fifth Third's failure to attempt to serve appellants by certified mail at the property address which is the subject of a foreclosure action. The statements made by Fifth Third's counsel to the trial court at the hearing support this position. In response to appellants' counsel's statement that Fifth Third was aware of appellants' Bennington address, but did not attempt to serve them by certified mail at that address, Fifth Third's counsel stated:
The other issue is that she said that their address we had on Benton Chapel Road as well, that address, that was the prior address, the Hatfields' prior to them buying this house andaccording to our mortgage, they have a duty to live in thathouse as principal residents.
Your Honor, so the fact is we had this prior address, and so I submit to the Court that this is really relative because I don't think we should assume where she lived prior to buying the house. You know, your Honor, our mortgage is on there, and so * * *.
(Tr. 6.)
 {¶ 16} Accordingly, Fifth Third advanced the position before the trial court that the property was appellants' primary residence. Therefore, due process dictates Fifth Third should have attempted certified mail service at the property before resorting to service by publication.
 {¶ 17} Further support is found in Fifth Third's misstatement of the record to the trial court at the hearing regarding service of appellants at the property. In response to appellants' counsel's representation to the trial court that there was never any attempt to serve appellants at the property, Fifth Third's counsel stated:
Secondly, your Honor, I believe what we have here after reviewing the file, and we have the court's file here and that is that the Hatfields actually were served twice, it appears there are two addresses that were served. We served them in a P.O. box at that address * * * and we did serve them at the Welber [sic] Road address * * * and I know they were served there at that address * * *.
(Tr. 4-5.)
 {¶ 18} As such, Fifth Third's counsel was arguing it provided proper notice to appellants as it served them at the property. The implication of counsel's position is that appellants should have been served at the property. However, the record does not corroborate this representation. There was never any attempt to serve appellants at the property. Moreover, the only party who Fifth Third attempted to serve at the property was the Tenant. However, Fifth Third misaddressed the certified mail service to the Tenant as they requested service at Wilburn Road.[5] As Fifth Third was the holder of the mortgage for the property, it is reasonable to expect them to investigate why the attempted address was deficient. It was within its control to either know, or easily discover, the correct address for the property. Nevertheless, Fifth Third made no attempt to rectify their error. As such, certified mail was never served at the property to any party.
 {¶ 19} As Fifth Third failed to satisfy the constitutional prerequisite of providing notice by mail of a proceeding which adversely affected appellants' property interest where their address was known or easily ascertainable, Fifth Third's request for service by publication was inappropriate and prematurely granted. As Fifth Third knew the property address and asserts it was appellants' primary address, its failure to attempt service at the property renders its assertion it exerted all reasonable efforts to try to locate appellants, at best, inaccurate.[6]
 {¶ 20} Accordingly, we conclude the default judgment rendered in this case is void ab initio for lack of personal service. Fifth Third's position the property was appellants' primary residence required it to attempt certified mail service upon appellants at the property. Fifth Third's failure to do so, under the facts currently before us, violates the elementary and fundamental requirement of due process to apprise interested parties of the pendency of the action and afford them an opportunity to defend the action. Therefore, the judgment must be vacated.
 {¶ 21} Appellants' first assignment of error is sustained and their second and third assignments of error are rendered moot. This matter is reversed and remanded to the trial court for further proceedings consistent with this opinion.
Judgment reversed and case remanded.
Bryant and Petree, JJ., concur.
[1] It should be noted that Fifth Third's complaint and mortgage note do not list the street number for the property. The street address for the subject property is 7570 Wilbur Road. The street address is listed in various documents in the court file, including the Second Amended Praecipe for Order of Sale, filed by Fifth Third on February 14, 2002.
[2] While the green cards were returned to the Franklin County Clerk of Court with signatures, appellants did not sign them. Moreover, Fifth Third took the position the attempt at certified mail service was unsuccessful in its September 7, 2001 affidavit in support of motion for service by publication.
[3] The trial court confirmed the sheriff sale on August 1, 2002. The entry confirming the sheriff sale was amended on October 11, 2002.
[4] The trial court's hearing notice states the date for the hearing as February 13, 2004. However, the hearing occurred on February 13, 2003.
[5] The erroneous address was again stated in the Legal Notice filed with the Clerk of Court on July 27, 2001 and published in The Daily Reporter on June 21 and 28, 2001 and July 5, 12, 19 and 26, 2001 and in the Legal Notice filed with the Clerk of Court on October 24, 2001 and published in The Daily Reporter on September 19 and 26, 2001 and October 2, 10, 17 and 24, 2001. While Wilburn Road, Lot 20 is not stated throughout both Legal Notices, it is the address stated when the property which is the subject of the foreclosure action is identified for the first time.
[6] Fifth Third averred in its September 7, 2001 affidavit in support of its motion for service by publication that "* * * Plaintiff has used all reasonable efforts in trying to locate said Defendants. Those reasonable efforts included reviewing the telephone directory, conducting an Internet search and checking with directory assistance." However, as an aside, we note that a search on December 11, 2003, of the name Randy Hatfield on http://411.whitepages.com revealed an address for Hatfield, Randy Jannetta, 3700 Bennington Chapel Rd., Utica, OH 43080-9582.