PHH MORTGAGE CORP., APPELLANT, *v.* PRATER; WOLF, APPELLEE.

[Cite as *PHH Mtge. Corp. v. Prater,* 133 Ohio St.3d 91, 2012-Ohio-3931.]

*Due process—Notice of foreclosure sale—Mailed instructions to look for notice on website insufficient.*

(No. 2011-1526—Submitted May 23, 2012—Decided September 6, 2012.)

APPEAL from the Court of Appeals for Clermont County,

No. CA2010-12-095, 2011-Ohio-3640.

_____

### SYLLABUS OF THE COURT

Constructive notice by publication to a party with a property interest in a foreclosure proceeding via a sheriff's office website is insufficient to constitute due process when that party's address is known or easily ascertainable.

_____

**LUNDBERG STRATTON, J.**

{¶ 1} Today we are called upon to consider whether a county sheriff can meet the constitutional obligation of providing notice of a sheriff's sale to a plaintiff by letter directing the plaintiff's attorney to monitor a website for a listing of the date, time, and location of sale. Because we answer in the negative, we reverse the judgment of the court of appeals.

### Facts and Procedural Posture

{¶ 2} On April 14, 2008, PHH Mortgage Corporation ("PHH"), plaintiff-appellant, filed a foreclosure action against Michael S. Prater. PHH later filed a motion for default judgment, which was granted along with the foreclosure.

{¶ 3} The Clermont County Sheriff's Office first scheduled the property to be sold at a sheriff's sale on January 6, 2009. However, the sheriff withdrew

that foreclosure sale at PHH's request. The property was rescheduled to be sold on June 9, 2009, but was again withdrawn at PHH's request the day before the sale. The property was scheduled to be sold for a third time on November 17, 2009, but was again withdrawn at PHH's request. PHH did not dispute receiving notice by mail of the date, time, and location of each of these three sale dates.

{¶ 4} The notice of the third scheduled date of sale was accompanied by a letter from the sheriff entitled "Sheriff Property Sales Information" stating: "In an effort to control the ever-increasing costs, effective December 31, 2009, the Clermont County Sheriff's Office will be discontinuing the practice of sending sheriff sales property advertisements to attorneys. Information about sheriff sales will be available online at WWW.CLERMONTSHERIFF.ORG."

{¶ 5} The property was then scheduled for sale a fourth time with a target date of April 6, 2010. The property was sold at the sheriff's sale on April 6, 2010, with the order of sale being returned to the clerk's office on April 12, 2010. Defendant-appellee, Scott A. Wolf, purchased the real estate at the April 6, 2010 sheriff's sale and was later granted intervenor status by the trial court.

{¶ 6} PHH then moved to set aside the sale, claiming that it had not received written notice of the date, time, and location of the sale. The trial court held a hearing and denied PHH's motion to set aside the sheriff's sale.

{¶ 7} PHH appealed, and the Clermont County Court of Appeals affirmed the judgment of the trial court. This court granted discretionary review. *PHH Mtge. Corp. v. Prater*, 130 Ohio St.3d 1493, 2011-Ohio-6556, 958 N.E.2d 956. For the reasons that follow, we reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings.

**Law and Analysis**

{¶ 8} As a threshold matter, we begin by noting that although the policy in question in this case applied only to attorneys, as a practical matter, we

2

consider notice to an attorney as notice to a party and we use the two interchangeably.

{¶ 9}   In *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950), the Supreme Court of the United States held that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  "Many controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case."  *Id.* at 313.

{¶ 10} The *Mullane* court held that notice by newspaper publication was insufficient as to beneficiaries whose place of residence was known.  *Id*. at 318.  The court concluded that "[t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it."  *Id.* at 315.  Thus, the court went on to find:  "It would be idle to pretend that publication alone, as prescribed here, is a reliable means of acquainting interested parties of the fact that their rights are before the courts. * * * Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper * * *."  *Id.* at 315.  "Where the names and post office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency."  *Id.* at 318.

{¶ 11} In 1983, the United States Supreme Court further refined notice analysis in *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), when it considered what was adequate notice to a mortgagee of the impending tax sale of the mortgaged property.  The court held that "[w]hen

the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee's last known available address, or by personal service." *Id*. at 798.

{¶ 12} This court has considered whether a party to a foreclosure action or a person with an interest in the foreclosure sale is entitled to actual notice by mail when his address is known or whether the Ohio statutory requirement of notice by publication is sufficient to satisfy due process. *Cent. Trust Co., N.A. v. Jensen*, 67 Ohio St.3d 140,141, 616 N.E.2d 873 (1993). We held that notice by publication to a person with a property interest in a proceeding is insufficient when that person's address is known or easily ascertainable. We rejected the same argument raised here and held that "the fact that a party may be sophisticated does not impose upon it the duty constantly to peruse the back pages of local newspapers for notices it could reasonably expect to receive in the mail." *Id.* at 143.

{¶ 13} Examining the various forms of alternative service, the United States District Court for the Eastern District of Michigan, Southern Division, considered e-mail, facsimile, web-hosting companies, live chat, and posting on the Internet in *McCluskey v. Belford High School*, E.D.Mich. No. 2:09-14345, 2010 WL 2696599 (June 24, 2010). In spite of the evidence that the defendants were aware of the suit, the court held that posting notice of the lawsuit on the Internet was not reasonably calculated to give the defendants actual notice of the proceeding and an opportunity to be heard, especially in light of the alternative methods of service that the court had permitted. *Id*. at *5.

{¶ 14} Wolf argues that PHH's attorney received actual notice from the sheriff's office that the date and location of the sheriff's sale would be found on the sheriff's website. However, what Wolf refers to as actual notice is really notice of a change in the procedure of how notice would be given, not actual notice of the time, date, and location of the sheriff's sale. Instead of receiving

notice by the traditional method of mail, PHH was required by the new notice procedure to continually monitor the sheriff's website in order to glean the information. Wolf is confusing notice of the change in procedure with actual notice.

{¶ 15} Wolf attempts to distinguish notice by newspaper publication from the method employed by the sheriff's office in this case in four ways. First, Wolf contends that unlike traditional newspaper publication, the notice letter was directed to counsel and advised him where to obtain all of the necessary sale information. Second, Wolf argues that instead of obtaining a local paper in Clermont County, counsel could immediately access and print the website information from his computer 200 miles away in Cleveland. Third, he contends that unlike traditional print publication, the sheriff's website displays information for the months prior to the sale, which makes it continuously accessible. Finally, he argues that while traditional newspaper publication notice is used to notify unrepresented nonparties of a proceeding, in this case PHH's counsel was directly involved in the lawsuit and was aware that a fourth sale date would be scheduled.

{¶ 16} Many of these assertions may be accurate, but they still do not overcome the due process issue, because the new Internet notice procedure shifts the burden of notification from the sheriff's office to the persons to whom the notice is directed. Rather than sending notice by mail to those parties whose names and addresses are known, the new notice system of the sheriff's office transfers the burden to the parties to take active steps to research and monitor the information. While we understand the interest in using technology to conserve resources, we find that notice by Internet posting is more akin to publication in a newspaper, and due process demands more in this instance.

> In some ways, the Internet already serves as a means of
> notification for tax foreclosure respondents. * * * Many of these

newspaper websites have internal search engines that allow users to search for key terms; they need only to be told what to look for. Nevertheless, web publication of legal notices, even if fully searchable, presumes a great deal of effort from the respondents in seeking information from the Internet about the viability of their claims to a property. Even if a vigilant land interest holder could search all the relevant newspapers using one search engine, these inquiries would have to be renewed again and again to find important notices in time to act on them.

(Footnotes omitted.) James J. Kelly Jr., *Bringing Clarity to Title Clearing: Tax Foreclosure and Due Process in the Internet Age*, 77 U.Cin.L.Rev. 63,113 (2008).

{¶ 17} In addition, requiring parties to first read a notice that directs them to a website to then search for information that could just as readily have been a part of the original notice poses an additional, unnecessary burden on the party, particularly for parties that do not have readily available high-speed Internet access or the skills to navigate the websites. The United States Department of Commerce's telecommunications-policy arm, the National Telecommunications and Information Administration, last year reported that 32 percent of households in the United States do not use the Internet at home. Kang, *Survey of Online Access Finds Digital Divide*, Washington Post (Feb. 17, 2011). Forty percent of rural homes and 30 percent of urban homes do not connect to the Internet. *Id.* In addition, senior citizens access the Internet at a notably lower rate than other adults. Of those Americans aged 65 to 73, only 58 percent reported using the Internet. Kathryn Zickuhr, *Generations 2010,* Pew Research Center Publications 5, http://pewinternet.org/reports/2010/Generations-2010.aspx (Dec. 16, 2010). That number drops to 30 percent for those 74 and older. *Id.* Clearly, notice that

misses 30 to 40 percent of its intended audience does not constitute the notice our Constitution demands when property is in jeopardy.

{¶ 18} While we are not holding that mail is the only form of notice that would satisfy due process in this instance, we are holding that under the facts of this case, requiring a party to look at a website to find notice of the date, time, and location of a sheriff's sale is insufficient. As the courts in *Mennonite* and *Cent. Trust* concluded, the method of providing notice must, at a bare minimum, be as likely to provide actual notice as mail—a standard that the notice in this case does not meet. *Cent. Trust*, 67 Ohio St.3d at 143, 616 N.E.2d 873.

## Conclusion

{¶ 19} As we explained in *Cent. Trust*:

The requirements of due process do not depend on the technical nature of the proceeding. Nor do they depend on the strength of an interest holder's inkling that its property interest may soon be in jeopardy. They depend instead on the reasonable balance between the property interest sought to be protected and the state's interest in efficiency and finality in proceedings affecting property. * * * When a party's address is known or easily ascertainable and the cost of notice is little more than that of a first-class stamp, the balance will almost always favor notice by mail over publication.

*Id.*

{¶ 20} As noted by Judge Powell in his dissent below, while

opening a website is more like opening a newspaper[,] [o]pening an e-mail is more like opening a letter. * * *

> \* \* \* If we are going to abandon regular mail in favor of new electronic media, then e-mail is the better way. \* \* \* Obviously an e-mail notice policy would require a local and possibly state rule change allowing such notice and require the lawyers practicing before the Clermont County Common Pleas Court to provide a valid e-mail address for receiving notice. But they are already required to provide a valid postal address, phone number and attorney registration number. \* \* \* Due process means more than the easiest and cheapest way.

2011-Ohio-3640, ¶ 39–40 (Powell, J., dissenting).

**{¶ 21}** Constructive notice through the Internet, which is more akin to notice by publication in a newspaper, is simply not sufficient or reasonably calculated to provide actual notice to all nondefaulting parties. Moreover, as noted by Judge Powell, a change in notice requirements in this area would more appropriately be contemplated by local or state rule change. Accordingly, we hold that constructive notice by publication to a party with a property interest in a foreclosure proceeding via a sheriff's office website is insufficient to constitute due process when that party's address is known or easily ascertainable.

**{¶ 22}** We reverse the judgment of the court of appeals denying PHH's motion to set aside the sheriff's sale.

Judgment reversed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Felty & Lembright Co., L.P.A., David M. Gauntner, and Antonio J. Scarlato, for appellant.

John D. Woliver, for appellee.

Melissa C. Benson, urging reversal for amicus curiae Southeastern Ohio Legal Services.

Linda Cook, urging reversal for amicus curiae Ohio Poverty Law Center, L.L.C.

Paul E. Zindle, urging reversal for amicus curiae Community Legal Aid Services, Inc.

Tamara R. Parker, urging reversal for amicus curiae Legal Aid Society of Columbus.

Rose Scollard and Miriam Sheline, urging reversal for amicus curiae Pro Seniors, Inc.

_____