BAINES et al., Appellees,

v.

HARWOOD et al., Appellants.

[Cite as *Baines v. Harwood* (1993), 87 Ohio App.3d 345.]

Court of Appeals of Ohio,
Clinton County.

No. CA92–08–018.

Decided April 26, 1993.

*Ulmer & Berne, Martin W. Elson* and *Michael N. Ungar;* and *Armin Frank,* for appellees.

*James P. Miller,* for appellant, David J. Harwood.

*McDonald, Hopkins, Burke & Haber Co., L.P.A.,* and *R. Jeffery Pollock,* for appellant, ConHaly, Inc.

JONES, Presiding Judge.

Defendants-appellants, David J. Harwood and ConHaly, Inc., appeal a $135,000 default judgment granted against them in favor of plaintiffs-appellees, Keith Baines and Thalia Baines.

On October 24, 1991, appellees filed a complaint claiming appellants fraudulently induced appellees to enter an investment agreement under the terms of which appellees invested over $135,000. The complaint sought a rescission of the investment agreement, a return of all sums invested plus interest, compensatory damages in excess of $25,000, punitive damages, attorney fees, and costs. Harwood was served with a summons and copy of the complaint on October 28, 1991.

During a November 21, 1991 telephone conversation, Harwood and counsel for appellees discussed a possible settlement of the suit. Harwood requested additional time to discuss the matter with his fellow defendant and to put together a settlement conference. Counsel for appellees agreed not to take any action with respect to the lawsuit until the end of the year.

When neither Harwood nor ConHaly timely responded to the complaint, appellees filed a motion for default judgment on January 13, 1992, seeking $135,000 in damages plus interest and attorney fees. On January 28, 1992, the common pleas court's assignment commissioner sent an assignment notice to Harwood and ConHaly, indicating that the matter had been set for default judgment at 10:00 a.m. on February 10, 1992. Harwood claimed he had mailed his answer to the clerk of courts on January 2, 1992. Upon discovering that the answer had not been filed, Harwood filed his answer on February 10, approximately one hour before the hearing on appellees' default judgment motion.

The trial court indicated it would take the default judgment motion under advisement, but directed appellees to put on evidence of damages, since they and their counsel had come in from out of town for the hearing. On July 6, 1992, the court granted appellees' default judgment motion and rendered judgment against Harwood and ConHaly, jointly and severally, for $135,000 as compensatory damages plus interest.

Before addressing the specific assignments of error, we consider appellees' motion to supplement the record to include an affidavit of the former Clinton County Clerk of Courts. This motion was filed on March 5, 1993, after this matter had been submitted to the court. Upon due consideration, appellees' motion is hereby granted, and the record is supplemented to include the affidavit.

Harwood presents the following assignments of error for review:

Assignment of Error No. 1:

"The trial court erred to the prejudice of defendant-appellant David J. Harwood in granting a default judgment in favor of plaintiffs-appellees."

Assignment of Error No. 2:

"The trial court erred to the prejudice of defendant-appellant in entering a default judgment against defendant-appellant in an amount greater than zero."

In his first assignment of error, Harwood submits that he was entitled to notice of the default judgment under Civ.R. 55(A) since he had made an appearance in the case. Civ.R. 55(A) provides, in part, that "[i]f the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." Harwood claims that his telephone conversation with counsel for appellees qualifies as an "appearance," thereby requiring that he receive written notice of the application for judgment, *i.e.*, that he be served with a copy of the motion at least seven days prior to the hearing on the motion.

Generally, the law disfavors default judgments. *Suki v. Blume* (1983), 9 Ohio App.3d 289, 9 OBR 536, 459 N.E.2d 1311. The general policy in Ohio is to decide cases on their merits whenever possible. *Natl. Mut. Ins. Co. v. Papenhagen* (1987), 30 Ohio St.3d 14, 15, 30 OBR 21, 22, 505 N.E.2d 980, 981. In *AMCA Internatl. Corp. v. Carlton* (1984), 10 Ohio St.3d 88, 10 OBR 417, 461 N.E.2d 1282, the Ohio Supreme Court held that a party who filed a notice of appeal from an order of the Industrial Commission and conducted a telephone conversation with the moving party's counsel with regard to a default judgment motion made opposing counsel sufficiently aware of the party's intention to defend. These actions were held to constitute an appearance, and the party was accordingly entitled to the seven-day notice required by Civ.R. 55(A).

The court in *AMCA* recognized that the notice requirement of Civ.R. 55 is a device intended to protect parties who have failed to appear in a formal sense by timely filing a pleading, but have otherwise indicated to the moving party a clear purpose to defend the suit. Such an interpretation is consistent with the policy underlying the modernization of the Civil Rules to abandon or relax restrictive rules that prevent hearing cases on their merits. *AMCA, supra,* at 91, 10 OBR at 419–420, 461 N.E.2d at 1285. See, also, *Perotti v. Ferguson* (1983), 7 Ohio St.3d 1, 7 OBR 256, 454 N.E.2d 951.

Having reviewed the record herein, we conclude that Harwood's telephone conversation with opposing counsel constituted an "appearance" for purposes of Civ.R. 55, thereby entitling Harwood to the seven-day notice required under Civ.R. 55(A). The assignment commissioner's January 28 notice is insufficient, inasmuch as it is not notice of the application for judgment, but only notice of a hearing date. The first assignment of error is sustained.

* * *∎

Although ConHaly timely appealed the default judgment, it has failed to timely file a brief in compliance with this court's scheduling order. Having failed to file a brief, ConHaly's appeal is hereby dismissed. App.R. 18(C).

For the reasons sets forth above, the default judgment against Harwood is hereby reversed and the cause is remanded for further proceedings.

*Judgment reversed
and cause remanded.*

KOEHLER and WALSH, JJ., concur.