HALL, Appellee,

v.

TRAPPER JOHN'S CANOE LIVERY, INC. et al., Appellees;
Butterworth Properties et al., Appellants.

[Cite as *Hall v. Trapper John's Canoe Livery, Inc.* (1996), 115 Ohio App.3d 162.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE04–519.

Decided Oct. 31, 1996.

*Michael Miller,* Franklin County Prosecuting Attorney, and *Phillip M. Walther,* Assistant Prosecuting Attorney, for appellee Bobbie Hall.

*Robert Paxton & Associates, Robert C. Paxton II* and *Philip K. Hartmann,* for appellee Trapper John's Canoe Livery, Inc.

*Betty D. Montgomery,* Attorney General, and *Kathi A. Oklok,* Assistant Attorney General, for appellee state of Ohio.

*Buckley, King & Bluso, Ray P. Drexel* and *Hylas A. Hilliard,* for appellants.

*Jeff Farkes,* for appellant Butterworth Properties, General Partnership.

*McCorkle & Minnilo* and *Christopher J. Minnilo,* for defendant-appellant John J. Vlahos.

BOWMAN, Judge.

This is the second appeal in this matter, which arises from a foreclosure action filed in 1992 by appellee, Bobbie M. Hall, the Franklin County Treasurer, against appellees, Trapper John's Canoe Livery, Inc. ("Trapper John's), Norman L. Tracy and All Star Limited Partnership, among others, for delinquent land taxes, assessments and penalties.[1] Appellees were found to be in default, a judgment of foreclosure was entered and the property was eventually sold at a sheriff's sale to appellant, Butterworth Properties, in July 1994. After the sale was confirmed in August 1994, Butterworth transferred the property to appellant, John J. Vlahos, by quitclaim deed.

In November 1994, appellees moved for relief from judgment pursuant to Civ.R. 60(B)(1) and (5), on the basis that all the necessary parties had not been served. The trial court granted the motion for relief from judgment based on a finding that actual notice of a sheriff's sale must be served on all parties. This court reversed for the reason that appellants had not been afforded an opportunity to be heard in response to the motion for relief from judgment. *Hall v. Trapper John's Canoe Livery* (Aug. 31, 1995), Franklin App. No. 95APE02–160, unreported, 1995 WL 518846.

Upon remand, the trial court again sustained the motion for relief from judgment. The trial court determined that appellees, although in default, were also entitled to actual notice of the sheriff's sale, that the motion was timely filed, and that appellees had a meritorious defense based on lack of notice of the sale.

Appellants have set forth the following assignment of error:

"The trial court erred, abused its discretion and committed reversible error when it disregarded Civ.R. 5 [*sic* ] ('service is not required on parties in default for failure to appear . . .') and granted relief from judgment based upon a finding that actual notice of a sheriff's sale must be served on parties in default for failure to appear."

A motion to vacate a judgment, pursuant to Civ.R. 60(B), is addressed to the sound discretion of the trial court; however, that discretion is not unbridled, and the court must determine whether the moving party meets the requirements of Civ.R. 60(B). *Doddridge v. Fitzpatrick* (1978), 53 Ohio St.2d 9, 7 O.O.3d 5, 371

---

1. Trapper John's Canoe Livery, Inc., Norman L. Tracy, Leonard H. Gross, Barbara I. Gross, All Star Limited Partnership, State of Ohio Department of Taxation, an unknown tenant, the unknown successors and assigns, if any of Trapper John's Canoe Livery, Inc., and the unknown stockholders or other parties having an interest in the assets of Trapper John's Canoe Livery, Inc., were named as defendants in the foreclosure action; however, only Trapper John's, Norman Tracy and All Star Limited Partnership are parties to this appeal. The state of Ohio filed an answer asserting a claim for past due taxes.

N.E.2d 214. In order to prevail on a motion for relief from judgment, the moving party must demonstrate that the motion was timely made, that the party has a meritorious defense to the action if relief is granted, and that the party is entitled to relief on one of the grounds set forth in Civ.R. 60(B)(1) through (5). *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113.

Appellees made the motion for relief from judgment within one year of the judgment confirming the order of foreclosure, and, therefore, it was timely. However, the trial court abused its discretion and erred as a matter of law when it determined that appellees had set forth a basis for relief, pursuant to Civ.R. 60(B), and had presented a meritorious defense.

█ In granting appellees' Civ.R. 60(B) motion, the trial court found that the parties were entitled to actual notice of the foreclosure sale based on *Cent. Trust Co., N.A. v. Jensen* (1993), 67 Ohio St.3d 140, 616 N.E.2d 873. In *Jensen,* the Ohio Supreme Court held, at the syllabus:

"Notice only by publication to a party to a foreclosure sale or to a person having an interest therein is insufficient to satisfy due process when the address of that party or interested person is known or easily ascertainable. (R.C. 2329.26, construed.)"

In *Jensen,* the bank began a foreclosure action on a mortgage it held on the residence of the Jensens. The bank obtained a judgment of foreclosure and an order of sale. The appellee in *Jensen,* Jerry Maxwell, made a successful bid on the property and paid $19,200 to the sheriff for the required ten percent deposit. Maxwell failed to produce the balance due on the purchase price, and the sale was vacated. Maxwell received notice of the order vacating the sale. The bank obtained an order for a second sale, and, again, Maxwell received notice. When the property failed to sell at the second sale, the bank obtained an order for a third sale. While Maxwell received notice of the third order of sale, he never received notice of the time or place of the sale. The property was sold at the third sale to a new buyer, and Maxwell was again notified. The bank then requested that Maxwell's deposit of $19,200 be used to cover its costs and the deficiency in the sale price. The Ohio Supreme Court found that Maxwell, as a successful bidder at the original sale, who risked the loss of his deposit because of his failure to pay the balance of the purchase price, had a sufficient property interest to be entitled to due process protection and, therefore, actual notice of the sale.

In this case, the county treasurer filed an *in rem* foreclosure action for delinquent taxes, assessments and penalties. Service was made by certified mail on Norman Tracy, individually and as the statutory agent for, and officer of,

Trapper John's Canoe Livery, Inc. All Star Limited Partnership, a mortgage holder on the property, was served through its agent and limited partner, Norman Tracy. Appellees also assert that Leonard and Barbara Gross were mortgage holders on the property and were required to be served. The Grosses were served by publication based on an affidavit filed by the attorney for the treasurer in which he stated that the Grosses' address could not be determined through the exercise of reasonable diligence.[2] The Grosses released all interest in the property as the mortgage was fully satisfied in April 1993, almost one year before the order for the foreclosure sale. Therefore, the Grosses had no interest in this property to assert. Thus, all necessary parties to the foreclosure action were given proper notice, and the trial court correctly found that, at the time the judgment and order of sale were entered, they were in default.

We find that the facts of this case differ significantly from those in *Jensen,* and the trial court erred in reliance on it. Rather, the facts of this case parallel the facts in *Martin v. M & S Dev. Co.* (Jan. 2, 1996), Lake App. No. 94–L–072, unreported. In *Martin,* the treasurer of Lake County filed an *in rem* foreclosure action against land owned by M & S Development. Both M & S Development and Bank One, the mortgage holder, were served by certified mail, and both failed to respond. The treasurer then obtained a default judgment, and the court entered a judgment of foreclosure. Notice of the sale was made by publication in a local newspaper, but was not served on M & S Development Company or the bank. The property was purchased at a foreclosure sale and later transferred to a new buyer. Both M & S Development Company and Bank One filed motions for relief from judgment pursuant to Civ.R. 60(B)(1) and (5). Like appellees herein, M & S Development and Bank One relied on *Jensen,* which the court in *Martin,* at 43–45, distinguished as follows:

"In the present case, M & S was served with notice of the foreclosure action. Thus, M & S had notice that property it owned was the subject of a foreclosure proceeding. * * *

"In *Jensen,* Maxwell was not a party, nor did he have an interest in the initial foreclosure proceedings. Maxwell's interest was strictly as a successful bidder at the Sheriff's sale. * * *

" * * *

"The *Jensen* court relied, in part, on two decisions from the United States Supreme Court, *Mennonite Bd. of Missions v. Adams* (1983), 462 U.S. 791, 103

---

**2.** Appellees argue that the Grosses' address in Seattle, Washington appears on the mortgage; however, the copy of the mortgage provided to this court does not indicate any address for the Grosses. The mortgage release signed by the Grosses in April 1993 indicates that it was executed in Alaska.

S.Ct. 2706, 77 L.Ed.2d 180, and *Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865. * * *

" * * *

"The *Mennonite* court was concerned with ensuring that an interested party be apprised of the pendency of an action which may affect its rights. When a party does exercise its right to participate and be heard, due process requires that further notices of subsequent proceedings be sent to that party.

"The opposite must also be true. When an interested party is served with notice of the foreclosure action, and is served with notice of a motion for default judgment, and chooses not to participate or exercise its opportunity to be heard, due process does not require further written notice of subsequent proceedings. Thus, M & S was not denied due process when it was not sent notice of the time, date, and location of the sheriff's sale."

Appellees herein, like M & S Development and Bank One in *Martin*, were properly served with the original foreclosure action and chose not to defend the action. As a result, appellees were not entitled to *actual* notice of subsequent events in the foreclosure proceeding.

Appellees further argue that they made an appearance in the action and, pursuant to Civ.R. 55(A), were entitled to notice of the default judgment based on a telephone call made by Mark Schell to the county prosecutor's office. While we recognize that some appellate courts, see *Baines v. Harwood* (1993), 87 Ohio App.3d 345, 622 N.E.2d 372, and *Miamisburg Motel v. Huntington Natl. Bank* (1993), 88 Ohio App.3d 117, 623 N.E.2d 163, appear to have recognized that a telephone call to an opposing party's attorney may constitute an appearance for purposes of Civ.R. 55(A), we need not decide this issue to address appellees' argument.

The affidavit filed by Mark Schell states that he made a telephone call to the Franklin County Prosecutor's Office in September 1994, one month after the sheriff's sale was confirmed. The affidavit does not indicate Schell's relationship to any of the appellees or the property subject to the foreclosure action, nor does it state any information that might be construed as an intent to contest the proceedings or attempt to redeem the property. Thus, even if we were to follow *Baines* or *Miamisburg Motel*, we would still conclude that a telephone call made two years after the lawsuit was filed and one month after judgment was entered is not an appearance so as to require notice of events that have already transpired.

Thus, we conclude that the trial court erred as a matter of law when it found that appellees were entitled to additional actual notice prior to the sheriff's sale.

Further, we find that the trial court erred in finding that the lack of notice was a meritorious defense. The defense referred to in *GTE*, which the moving party is required to demonstrate in order to be successful in a motion for relief from judgment, refers to a defense to the underlying action. In this instance, that is the foreclosure action. Appellees have never asserted a defense to their failure to pay taxes.

Therefore, for the foregoing reasons, appellants' assignment of error is sustained, and the judgment of the trial court is reversed. This matter is remanded to the trial court with instructions to reinstate its entry dated August 26, 1994, confirming the sale of the property to Butterworth Properties.

*Judgment reversed*
*and cause remanded*
*with instructions.*

DESHLER and CLOSE, JJ., concur.