OPINION
Defendant/Appellant, Richard Panny appeals the judgment of the Union County Common Pleas Court confirming the foreclosure sale of 8.454 acres of real property in Jerome Township, Union County, Ohio. For the reasons that follow, we affirm the trial court's judgment.
On October 21, 1994 Richard and Carolyn Panny executed an open-end mortgage to plaintiff/appellee, Budco Enterprises ("Budco") to secure the repayment of a promissory note in their favor executed the same day. The Pannys subsequently defaulted on the repayment of the note.
On September 9, 1996, Budco filed a complaint for foreclosure with the Union County Common Pleas Court requesting the property be sold at a sheriff's sale to satisfy the amount due on the note. Named defendants were Richard and Carolyn Panny, as well as Tamara Lowe, Union County Treasurer. The court successfully served each defendant. Richard Panny and Tamara Lowe were served by certified mail, and Carolyn Panny was served by ordinary mail. Only the Union County Treasurer's Office filed an Answer to secure its claim for unpaid tax.
On December 5, 1996, Budco filed for default judgment against the Pannys. On December 20, 1996 the trial court granted default judgment to Budco against the Pannys. A sheriff's sale was scheduled for March 14, 1997, and a notice of sale was published to the general public in a newspaper advertisement.
The sale on March 14, 1997 produced no bidders, and the property was not sold. A second sale was scheduled for July 11, 1997, and a notice of sale was again published to the general public in a newspaper advertisement. The property sold on that date to McCarthy Investment Company (not a party to this action) for eighty thousand dollars.
After Budco filed its motion to confirm the sale, the Pannys, on July 18, 1997, made their first appearance by filing a motion to vacate the foreclosure sale. The basis of the Panny's motion to vacate was that the Pannys never received written notice of the time, date, and place of the two sheriff's sales.
The trial court overruled the motion to vacate the foreclosure sale, and on September 22, 1997 confirmed the sale of the property. It is from that order that Richard Panny appeals assigning one error to the trial court.
Assignment of Error
 The trial court erred to the substantial prejudice of appellant by confirming the foreclosure sale conducted by the sheriff because appellant, as a party to the sale, never received written notice of the sale.
 In his sole assignment of error Richard Panny contends that the trial court erred in overruling his motion to vacate the foreclosure sale and confirming the sale of the property when he and his wife did not receive actual notice of the sale.
"* * * [A] mortgagee clearly has a legally protected property interest, [and] is entitled to notice reasonably calculated to apprise him of a pending tax sale." Mennonite Bd. of Missions v.Adams (1983), 462 U.S. 791, 798-800. "Notice only by publication to a party to a foreclosure sale or to a person having an interest therein is insufficient to satisfy due process when the address of that party or interested person is known or easily ascertainable."Central Trust Co., N.A. v. Jensen (1993), 67 Ohio St.3d 140, syllabus.
In the present case, the record reveals that service of the complaint in this action was successful on both Richard and Carolyn Panny. Additionally, the record contains correspondence from Richard Panny to Budco indicating that he was aware of the delinquency problem with payment on the note. Logically, Richard Panny was aware that foreclosure on the property was imminent even if the exact date, time, and place was unknown. Likewise, Budco could have easily ascertained the Pannys' address.
Nevertheless, there is a growing trend in other courts of this state to hold that due process does not require actual written notice of the time, date, and place of a foreclosure sale "when an interested party is served with notice of the foreclosure action, * * * is served with notice of a motion for default judgment, and chooses not to participate or exercise its opportunity to be heard * * *." Martin v. Parcels of LandEncumbered with Tax Liens (Dec. 29, 1995), Lake App. No. 94-L-072, unreported; Hall v. Trapper John's Canoe Livery, Inc. (1996),115 Ohio App.3d 162, 167; The Equitable Life Assurance Society of theUnited States v. Ruggeri (Mar. 22, 1996), Trumbull App. No. 94-T-5175, unreported.
Prescribing to this line of cases, we find that once Richard Panny failed to respond to the complaint for foreclosure and the trial court granted default judgment against he and his wife, they were not entitled to written notice of any further proceedings. Therefore, he was not denied due process or any property right by not receiving actual notice of the foreclosure sales.
We affirm the judgment of the Union County Common Pleas Court confirming the sale of 8.454 acres of real property.
Judgment affirmed.
 SHAW, P.J., and BRYANT, J., concur.