DECISION
Defendant-appellant, S.A.R. Construction Co., appeals from the January 15, 1999 order of default judgment entered in favor of plaintiffs-appellees, James and Tandra Watkins, by the Franklin County Court of Common Pleas. Because we find that the trial court complied with the requirements of Civ.R. 55, we affirm.
On March 9, 1998, appellees filed a complaint against appellant alleging claims for breach of contract, negligence, fraudulent concealment, and private nuisance. The claims arose out of water damage to appellees' home caused during a severe storm on June 18, 1997. Appellant had constructed and sold the home to appellees.
Appellant was served with a copy of the complaint on March 13, 1998. Appellant never filed an answer or any other pleading. On May 5, 1998, pursuant to Civ.R. 34, appellees served on appellant a request to enter and inspect land owned by appellant. Appellant failed to respond. On June 10, 1998, appellees filed a motion with the trial court requesting an order compelling appellant to permit the Civ.R. 34 inspection. A copy of the motion was served on appellant, but appellant never filed a response. The trial court granted appellees' motion on July 8, 1998, ordering appellant to permit the inspection.
Finally, on November 20, 1998, appellees filed their motion for default judgment against appellant. A copy of this motion was not served on appellant. On January 15, 1998, the trial court granted appellees' motion for default judgment awarding $7,553 in compensatory damages, $4,031 in attorney fees, $20,000 in punitive damages and ordering appellant to abate the nuisance. It is from this order that appellant appeals raising the following single assignment of error:
 The trial court erred as a matter of law in granting default judgment against Defendant SAR Construction Co. without notice or hearing after it had been made a party to the action and had complied with a court order.
In its single assignment of error, appellant contends that the trial court improperly entered default judgment against it without notice and a hearing as required by Civ.R. 55(A). Civ.R. 55(A) provides in part that: "[i]f the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." (Emphasis added.) Basing its argument on the proposition inBancOhio Natl. Bank v. Mager (1988), 47 Ohio App.3d 97, that we must liberally interpret the meaning of the term "appeared," appellant contends that it appeared in the action below by complying with the order compelling S.A.R. to permit a survey of certain real property. We disagree.
In BancOhio Natl. Bank, at 98, this court found that appellants' filing of a motion for change of venue constituted an appearance to trigger the notice requirement of Civ.R. 55(A). Here, appellant filed no document, no memorandum, no motion, nor any other notice in the trial court proceedings.
Some courts have held that regardless of whether a formal filing is made, a party "appears" for purposes of Civ.R. 55 if that party clearly expresses to the opposing party an intention and purpose to defend the suit, see, e.g., Baines v. Harwood
(1993), 87 Ohio App.3d 345; Miamisburg Motel v. Huntington Natl.Bank (1993), 88 Ohio App.3d 117. This court, however, has yet to specifically extend the rule that far. See Hall v. Trapper John'sCanoe Livery, Inc. (1996), 115 Ohio App.3d 162, 167 (assuming, but specifically not deciding, applicability of the Baines andMiamisburg rule).
Again, we need not specifically decide the applicability of the more permissive standard used in Baines and Miamisburg. Like in Hall, appellant here failed to make any clear expression of an intention to defend the suit. The record reveals no correspondence or any other communication from appellant to appellee. Rather, the record indicates that appellant did nothing in response to the complaint and other filings. The trial court's order permitting appellee to enter and inspect appellant's property is not to the contrary.
In sum, we find that appellant failed to appear in the action below and, therefore, was not entitled to notice and a hearing prior to entry of default judgment. Appellant's single assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
KENNEDY and YOUNG, JJ., concur.
YOUNG, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of Section6(C), Article IV, Ohio Constitution.