[Cite as *Freedom Mtge. Corp. v. Milhoan*, 2014-Ohio-881.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| FREEDOM MORTGAGE CORPORATION., | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | CASE NO.  13 CO 15 |
| | ) | |
| and | ) | |
| | ) | |
| RICHARD BOSTON, et al., | ) | |
| | ) | |
| INTERVENORS PLAINTIFFS-APPELLANTS, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| HOWARD MILHOAN, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Common Pleas Court, Case No. 12CV289.

JUDGMENT:                                    Reversed and Remanded.

APPEARANCES:
For Plaintiff-Appellee:                     Attorney Stacy Hart
                                                     Attorney Jesse Kanitz
                                                     Attorney Brad Terman
                                                     P.O. Box 5480
                                                     Cincinnati, Ohio  45201-5480


For Intervenors-Plaintiffs-Appellants:   Attorney Thomas Sanborn
                                                     55 North Broad Street
                                                     Canfield, Ohio  44406


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                                                     Dated:  March 6, 2014

VUKOVICH, J.

{¶1} Appellants Richard and Hilda Boston appeal from the denial of their motion to intervene in a foreclosure action. They placed the successful bid in the sheriff's sale of the foreclosed property. However, plaintiff-appellee Freedom Mortgage Corp. successfully asked the trial court to set aside the sale rather than confirm it. The bank stated that it failed to provide a statutorily-required notice to the defendants and failed to file that notice with court and thus claimed that the sale was defective as a matter of law and was void so that title could not transfer to the Bostons.

{¶2} The Bostons sought to intervene, arguing that the bank's legal arguments were incorrect as the bank ignored the statutory provision that such notice need not be provided or filed where the defendants are all in default. The trial court denied the request to intervene. The Bostons appeal the denial of intervention, urging that the bank's argument were legally incorrect and they are entitled to either intervention as a matter of right or permissive intervention. For the following reasons, we conclude that the bank's statutory arguments were erroneous in contravention of the plain language of the statute and that the Bostons are entitled to intervene in the action.

{¶3} Accordingly, we reverse the denial of intervention, allow the Bostons to intervene, and remand the case to a point prior to the court's denial with instructions for the trial court to accept the Bostons' filings (which included a cross-claim and motion to vacate the order granting the bank's motion to vacate the sale). As the trial court thereafter reconsiders the positions set forth in the bank's motion to vacate, it shall apply the statutes as explained in the first part of our opinion.

STATEMENT OF THE CASE

{¶4} On April 30, 2012, Freedom Mortgage Corporation ["the bank"] filed an action for foreclosure against Howard and Bonnie Milhoan based upon a 1998 note and mortgage and a 2008 loan modification concerning their property at 16312 Spring Valley Road in Salineville, Ohio. Their loan balance was $137,707 plus interest from August 1, 2010. Also named as defendants were two other lenders.

{¶5} No defendants answered or appeared. Thus, the bank sought default judgment, stating that all defendants had been duly served with the summons and complaint and were in default. On August 28, 2012, the trial court granted default judgment in favor of the bank, finding that all parties had been properly served and were in default.

{¶6} On October 9, 2012, the bank asked the clerk to issue an order of sale, and the order of sale was issued to the sheriff on October 10. The property was appraised at $135,000 on October 17. The notice of a November 13, 2012 sheriff's sale was published in a newspaper of general circulation once a week for three consecutive weeks, starting October 19, 2012. An affidavit evidencing this publication was filed by the controller of the newspaper on November 6, 2012.

{¶7} On November 15, 2012, the sheriff's return of sale was filed with the court, disclosing that the property was purchased by the Bostons for $90,000 at the November 13 auction, noting that this is two-thirds of the appraised value (the minimum bid) and reiterating that proper publication was made. The attached purchaser information form for the property at 16312 Spring Valley Road shows that the Bostons reside at 16448 Spring Valley Road. (Title documents filed in the case show that the Bostons deeded the subject property to the Milhoan debtors in 1990.)

{¶8} Before the court acted to confirm the sale, the bank filed a December 31, 2012, motion to vacate the sheriff's sale with directions to return the deposit to the Bostons. In the statement of facts, it was disclosed that due to inadvertence, counsel's staff was unaware of the sale date, and thus the bank was unaware of the auction at which the bank had intended to bid on the property. The motion asserted that the sale was defective as a matter of law, void, and no marketable title could arise from it. The motion was filed under R.C. 2329.27(B)(1), which states that all execution land sales that are made without compliance with the written notice requirements of R.C. 2329.26(A)(1)(a) shall be set aside on motion.

{¶9} Specifically, the bank claimed that it failed to comply with the requirements of this statute because it failed to cause written notice of the date, time, and place of sale to be served on the parties to the action under R.C.

2329.26(A)(1)(a)(i) and because the bank failed to file with the clerk a copy of that notice under R.C. 2329.26(A)(1)(a)(ii). The bank urged that the court was prohibited from confirming the sale due to these statutory and constitutional defects, adding that notice by publication only has been found insufficient by the Ohio Supreme Court. The bank attached a proposed judgment entry to its motion. The bank served its motion on the Bostons by placing it in ordinary mail on Monday, December 31, 2012 (the day before a legal holiday).

{¶10} On Friday, January 4, 2013, the trial court signed and filed the proposed entry and thus vacated the sale and ordered the sheriff to return the deposit to the Bostons. This entry provided that the bank may request another sheriff's sale by filing an alias praecipe for order of sale with the court. (There is no indication in the docket that the court served notice of its entry on the Bostons.) On February 13, 2003, the bank issued notice of the new sheriff's sale, which revealed that the sheriff's sale was set for February 26, 2013.

{¶11} On February 22, 2013, the Bostons filed a motion to intervene, attaching a memorandum in support, a proposed cross-claim, and a proposed motion to cancel the pending sale. The Bostons sought intervention as a matter of right or permissive intervention in the alternative. They urged that they had an interest in the property and the action as they placed the successful bid at sheriff's sale, they signed a purchase agreement, they tendered the $9,000 deposit to the sheriff and incurred loan costs, and the sheriff filed the return on the sale with the court so that confirmation was appropriate.

{¶12} The Bostons then stated that the bank's reasons for vacation of the sale were incorrect as the defendants were all in default. In support, they cited to the remainder of division (A), which the bank failed to cite and which states that service of the written notice described in (A)(1)(a)(i) is not required to be made upon any party who is in default for failure to appear. *See* R.C. 2329.26(A)(1)(b).

{¶13} The Bostons noted that the bank filed the praecipe for the original order of sale, the sale was published as required by law, and the bank should have been aware of the date. The Bostons urged that no prejudicial delay would ensue as the

second sale had not taken place and thus no sale was yet confirmed. The Bostons also pointed out that the court ruled on the motion to vacate without providing them a chance to present their arguments. They concluded that they should be permitted to intervene and present their arguments to the court.

{¶14} Counsel for the Bostons "walked through" the motion and the proposed filings to the judge on the day they were filed (February 22), and the court set the matter for a telephone conference to take place on February 25, the day before the scheduled sale. At the telephone conference, the Bostons argued that the statutory notice of sale is not necessary since those to be served were in default at the time of the sale order. (*See* App.R. 9(C) Statement of the Evidence.) The bank stated that its representative failed to appear and bid at the first auction due to inadvertence and argued that the sale was void as a matter of law since no notice of sale was filed. *See id.*

{¶15} At the end of the phone call, the trial court disclosed that it would be denying the motion to intervene. On February 26, 2013, the court filed an entry overruling the Bostons' motion to intervene and stating that the sheriff's sale could go forward as scheduled that day.[1] This entry was served upon the Bostons, and the Bostons filed a timely notice of appeal of that entry denying their motion to intervene.[2] This court granted a stay and enjoined further action regarding the property upon the

---

[1] The sale then took place at 10:00 a.m. that day where the bank appeared and purchased the property for $100,000.

[2] In a May 21, 2013 entry, this court concluded that the denial of the motion to intervene was a final appealable order. *Citing JPMorgan Chase Bank, NA v. Pellin*, 7th Dist. No. 10MA179, 2012-Ohio-1151 (delinquent tax purchaser should have been permitted to intervene in a foreclosure action and denial of intervention was a final order); *Gautam v. Sansai Env. Tech.*, LLC, 8th Dist. No. 95459, 2011-Ohio-223, ¶ 6-9 (tenant claiming possessory interest had a substantial right affected by denial of motion to intervene in a special proceeding), distinguishing *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, ¶ 29, 32 (intervention is a substantial right, but the denial of insurance company's motion to intervene {for purposes of participating in discovery and submitting jury interrogatories} did not affect a substantial right that determines the action and prevents judgment where purpose of intervention could be litigated in the insurer's other action). *See also Southside Community Dev. Corp. v. Levin*, 116 Ohio St.3d 1209, 2007-Ohio-6665, 878 N.E.2d 1048, ¶ 6 (denial of intervention in special proceedings may be immediately appealed when a decision in the pending matter would have a considerable effect on the property rights of the proposed intervenor), citing *Morris v. Investment Life Ins. Co.*, 6 Ohio St.2d 185, 187, 35 O.O.2d 304, 217 N.E.2d 202 (1996) (order denying stockholder the right to intervene in conservatorship action to

posting of a bond in the amount of \$9,000, the amount previously tendered as a deposit on the property, and further noting that the property itself provided security as well. Said bond was timely posted pursuant to our order. The Bostons set forth the following two assignments of error:

{¶16} "The Trial Court erred in denying Appellants' Motion to Intervene as provided in Rule 24 Ohio Rules of Civil Procedure."

{¶17} "The Trial Court erred in vacating the original Sheriff Sale and denying Appellant's Motion to Intervene on basis of failure of Plaintiff/Appellee to file a notice under R.C. 2329.26."

THE STATUTES

{¶18} Within thirty days of the sheriff's return of a writ of execution on lands sold, the trial court is to confirm the sale if, on careful examination of the proceedings of the sheriff, it finds that the sale was made, in all respects, in conformity with R.C. 2329.01-R.C. 2329.61. *See* R.C. 2329.31(A). The court can stay the confirmation to permit redemption or for any other reason it determines appropriate. *Id.*

{¶19} Here, the sheriff returned the writ of execution on November 15, 2012. Before the trial court acted to confirm the sale, the bank filed a December 31, 2012 motion to vacate the November 13 sale. The bank filed its motion under R.C. 2329.27(B)(1).

{¶20} Pursuant to this statute, all sales of lands taken in execution that are made without compliance with the written notice requirements of R.C. 2329.26(A)(1)(a) shall be set aside on motion by any interested party. R.C. 2329.27(B)(1). Likewise, R.C. 2329.26(B) provides that a sale of land taken in execution may be set aside in accordance with R.C. 2329.27(B). The court's order to set aside a sale is thus the opposite of a confirmation order.

{¶21} In arguing that the sale was defective as a matter of law and void and in arguing that the Bostons had no right to intervene, the bank cited to R.C. 2329.26(A)(1)(a), which provides:

liquidate the company affects a substantial right in a special proceeding and is the sole legal remedy available to preserve rights) and distinguishing *Gehm,* 112 Ohio St.3d 514,.

(A) Lands and tenements taken in execution shall not be sold until all of the following occur: [3]

(1)(a) Except as otherwise provided in division (A)(1)(b) of this section, the judgment creditor who seeks the sale of the lands and tenements or the judgment creditor's attorney does both of the following:

(i) Causes a written notice of the date, time, and place of the sale to be served in accordance with divisions (A) and (B) of Civil Rule 5 upon the judgment debtor and upon each other party to the action in which the judgment giving rise to the execution was rendered;

(ii) At least seven calendar days prior to the date of the sale, files with the clerk of the court that rendered the judgment giving rise to the execution a copy of the written notice described in division (A)(1)(a)(i) of this section with proof of service endorsed on the copy in the form described in division (D) of Civil Rule 5.

R.C. 2329.26(A)(1)(a)

{¶22} The bank's motion did not mention the language, "[e]xcept as otherwise provided in division (A)(1)(b)" when telling the court that the bank's failure to follow (A)(1)(a)(i) and (ii) rendered the sale void and defective as a matter of law. The division omitted by the bank provides: "Service of the written notice described in division (A)(1)(a)(i) of this section is not required to be made upon any party who is in default for failure to appear in the action in which the judgment giving rise to the execution was rendered." R.C. 2329.26(A)(1)(b).

{¶23} The bank obtained default judgment in this case on the grounds that all defendants had been properly served and were all in default. Thus, contrary to the bank's argument to the trial court, written notice of the sale was clearly not required to be served on those parties. *See id. See also Hall v. Trapper John's Canoe Livery,*

---

[3]The other two items under (A) that must occur before the land is sold are: (A)(2) the public advisement was proper, and (A)(3) the officer properly collected the purchaser's information. Only the first requirement is at issue here.

*Inc.*, 115 Ohio App.3d 162, 684 N.E.2d 1277 (10th Dist.1996) (trial court erred in granting relief from judgment confirming sale on basis that notice was not served on all parties as the parties in default were not entitled to notice). The bank does not now dispute this.

**{¶24}** Instead, the bank currently focuses solely on (A)(1)(a)(ii). The bank maintains that a lack of strict compliance with this division would result in a void sale even after confirmation. Thus, the bank urges that the trial court was required to set aside the sale rather than confirm it because the bank failed to comply with R.C. 2329.26(A)(1)(a)(ii). Specifically, the bank claims that it was required to file some type of notice with the court to show that it complied with (A)(1)(a)(i).[4] The bank posits that division (A)(1)(b) only cites to the service of notice on the parties under (A)(1)(a)(i) and does not expressly cite to (A)(1)(a)(ii) and thus the bank was still required to comply with (A)(1)(a)(ii) even though the parties were all in default. As will be shown below, this argument lacks merit.

**{¶25}** But first, we dispose of the bank's argument that strict compliance with (A)(1)(a)(ii) is required and that a lack of strict compliance renders any sale void. The bank cites an 1861 trial court case out of Marion County in support of its strict compliance argument. *See Creditors v. Search*, 2 Ohio Dec. Reprint 495 (1861). The bank immediately thereafter cites a Fourth District case for the general point that the purpose of (A)(1)(a)(ii) is to notify the court that the bank complied with the written notice requirements of (A)(1)(a)(i). *See Fifth Third Bank Mortgage Co. v. Rankin*, 4th Dist. 11CA18, 2012-Ohio-2804, ¶ 21.

**{¶26}** Notably, the rest of this *Rankin* case actually stands for the opposite position as that taken by the bank on the required type of compliance. Specifically, the Fourth District concluded that strict compliance with (A)(1)(a)(ii) is not mandated. *Id.* at ¶ 19-24 (finding no prejudice to the parties where the bank did not file the copy

---

[4]The bank cites a case after a compound sentence. The use of this citation could be seen by a reader as supporting the bank's position on whether notice had to be filed in the trial court. However, the case is apparently actually only cited for the first part of the compound sentence where the bank admits that it was not required to send notice to the defendants due to default. *See*

of the written notice with proof of service within seven days before the sale because it mistakenly sent it to the wrong county).

**{¶27}** As that court pointed out, R.C. 2329.27 provides that if the court confirms the sale, the order shall be deemed as a judicial finding that the sale complied with the written notice requirements of R.C. 2329.26(A)(1)(a) "or that compliance of that nature did not occur but the failure to give a written notice to a party entitled to notice under division (A)(1)(a) of section 2329.26 has not prejudiced that party." *See* R.C. 2329.27(B)(3)(a)(i). This statutory provision suggests that strict compliance is not mandated and a sale is not void due to such a failure. Finally, we note that the Supreme Court stated long ago that just because a statute provides that no sale shall take place without an appraisal does not mean that a sale would be void after confirmation. *Allen's Lessee v. Parish*, 3 Ohio 187, 192, 194 (1827).

**{¶28}** In any event, there was strict compliance here, and the bank's argument that the sale was defective because it failed to comply with (A)(1)(a)(ii) is without merit and contrary to the unambiguous statutory provisions. As aforequoted, R.C. 2329.26(A)(1)(a) begins: "Except as otherwise provided in division (A)(1)(b) of this section * * *." This proviso plainly introduces both (i) and (ii) and thus provides that these two requirements do not apply if (A)(1)(b) applies. As it is undisputed that (A)(1)(b) applies here, none of division (A)(1)(a) applies. This is clear under the plain language of the statute.

**{¶29}** There is even further support for this plain reading of the statute. Specifically, division (A)(1)(a)(ii) states that the bank shall file "a copy of the written notice described in division (A)(1)(a)(i) of this section with proof of service endorsed on the copy * * *." *If no written notice was required to be served, then there exists no copy of that written notice to file with the clerk.* Furthermore, as written notice was not served, there would exist no proof of service either. Contrary to the bank's suggestion, the statute does not state the bank shall file a copy of the written notice

Appellee's Brief at 11, citing *Washington Mut. Bank v. Gattis*, 5th Dist. No. 12-CA-40, 2013-Ohio-2219, ¶ 10 (where the Fifth District merely noted that notice is not required to be served on those in default).

with the clerk with proof of service *or* tell the clerk why service of written notice was not required.

**{¶30}** For these reasons, the arguments presented in their motion to vacate the sale and in their opposition to the Bostons' motion to intervene wholly lack merit.

**{¶31}** We recognize here that the trial court's vacation order is not itself before this court. In responding to the Bostons' second assignment of error where the statutory interpretation issue is raised, the bank asserts that the issue on appeal is limited to whether intervention was proper. The Supreme Court has stated that it is well-settled that an appeal from the denial of a motion to intervene is limited solely to the issue of intervention. *State ex rel. Sawicki v. Court of Common Pleas of Lucas Cty.*, 121 Ohio St.3d 507, 2009-Ohio-1523, 905 N.E.2d 1192, ¶ 18, citing *Fouche v. Denihan*, 66 Ohio App.3d 120, 126, 583 N.E.2d 457 (10th Dist.1990) (reversing the denial of intervention and then holding that the appeal was limited to the denial of the intervention motion. *See also Southside Community Dev. Corp. v. Levin*, 116 Ohio St.3d 1209, 2007-Ohio-6665, 878 N.E.2d 1048, ¶ 11 (a person who seeks and is denied intervention is a party to the appeal for the limited purpose of asking the reviewing court to determine whether it has the legal right to intervene).

**{¶32}** Because the appeal is limited to the order denying intervention, the bank suggests that we should not consider whether the bank failed to comply with mandatory provisions of R.C. 2329.26 as alleged in the Bostons' second assignment of error. However, the Bostons' second assignment of error does not allege merely that the trial court erred in vacating the sale on the bases asserted by the bank, that assignment also alleges that the court erred in denying intervention on these same bases. As the Bostons point out, the bank continued to set forth an erroneous statutory argument in opposing their request to intervene.

**{¶33}** In order to properly review the case that is before us, we must evaluate the statutory arguments that were presented by the bank below (and that were fully briefed by both parties herein). The egregiously erroneous nature of the bank's legal claims in its motion to vacate and again in their opposition to intervention is relevant

to a determination as to whether intervention should have been ordered here. Upon the law set forth supra, we turn to the intervention rules and arguments.

<u>INTERVENTION</u>

**{¶34}** The Bostons sought intervention as a matter of right under Civ.R. 24(A)(2) and alternatively asked for permissive intervention under Civ.R. 24(B)(2). As the bank acknowledges, Civ.R. 24 should be construed liberally in favor of granting intervention. *See State ex rel. Merrill v. ODNR*, 130 Ohio St.3d 30, 2011-Ohio-4612, 955 N.E.2d 935, ¶ 41. The standard of review for both intervention as a matter of right and permissive intervention is whether the trial court abused its discretion in denying intervention. *Id. See also State ex rel. First New Shiloh Baptist Church v. Meagher*, 82 Ohio St.3d 501, 503, 696 N.E.2d 1058, fn. 1 (1998). An abuse of discretion involves a decision that is unreasonable, unconscionable, or arbitrary. *Id.* at 503.

**{¶35}** Pursuant to Civ.R. 24(A)(2), anyone shall be permitted to intervene in action (1) upon timely application, (2) *if the applicant claims an interest relating to the property or transaction that is the subject of the action*, (3) the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, and (4) the applicant's interest is not adequately represented by existing parties. The Supreme Court has stated that the interest must be one that is legally protectable. *Merrill*, 130 Ohio St.3d 30 at ¶ 42.

**{¶36}** On these elements, the Bostons state that the bank would have suffered no harm by allowing the application. They note that they appeared and purchased the property as bona fide purchasers, made the required deposit, and were ready and willing to tender the remainder of the purchase price as they had already incurred expenses in the form of interest and loan costs. They thus urge that their successful bid at a proper sale gave them an interest in the property or transaction which is the subject of the action. The Bostons assert that they had no other method to protect their interest, pointing out that the court set aside the sale without providing an opportunity to them to protest. Lastly, they state that no existing

party could adequately protect their interest as they were all in default and were not involved or represented in the proceedings.

**{¶37}** The bank's response centers the dispute here around the second element: the applicant claims an interest relating to the property or transaction that is the subject of the action. (Appellee's Brief 8-9). The bank urges that there is no right to intervene because a purchaser at a sheriff's sale has no rights until the sale is confirmed. The bank relies upon two Supreme Court cases. *See State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 664 N.E.2d 931 (1996); *Ohio Savings Bank v. Ambrose*, 56 Ohio St.3d 53, 563 N.E.2d 1388 (1990). Certain language plucked from these cases may on first perusal sound damaging to the purchaser's position. However, upon a thorough review, these cases are distinguishable

**{¶38}** In *Ambrose*, the debtor filed a motion to deny confirmation of a sheriff's sale and to permit her to redeem the property. Rather than immediately vacate the sale, the trial court continued the matter of confirmation in an entry which found that the debtor was in a position to redeem. As the *Ambrose* Court twice noted, the debtor has the right to redeem at any time prior to confirmation of the sale. *Ambrose,* 56 Ohio St.3d at 54, fn.4 (the right to redeem prior to confirmation is absolute).

**{¶39}** The purchaser never filed a motion to intervene. More than a month after the debtor's request, the trial court found that the property had been redeemed and thus vacated the sheriff's sale. The purchaser then attempted to appeal the trial court's denial of confirmation. The appellate court noted that the purchaser never sought to intervene below. That court determined that the purchaser had no interest in the property prior to confirmation and the failure to intervene as a party divested the purchaser of the capacity to appeal the trial court's decision.

**{¶40}** The Supreme Court affirmed the appellate court's dismissal of the appeal. First, the Court noted that the purchaser cited to early case law "which indicates that purchasers at foreclosure sales do have some type of interest in the *proceedings* prior to confirmation." (Emphasis original). *Id.* at 54, citing *Reed v.*

*Radigan*, 42 Ohio St. 292 (1884) (stating that the trial court may hear from the plaintiff, the defendant, and the purchaser prior to deciding whether to confirm or vacate the sale). Notably, the *Ambrose* Court specifically emphasized the word "proceedings." *Id.*

**{¶41}** The Court stated that *Reed* "does not stand for the assertion that the purchasers have a *vested* interest in the *property* prior to confirmation of the foreclosure sale." (Emphasis added.) *Id.* The *Reed* Court had explained that its research showed that in states where confirmation is required, "the purchaser obtains no vested rights until after the sale confirmed" and if the confirmation is refused, "the rights of the purchaser fall to the ground." *Id.* at 55.

**{¶42}** The *Ambrose* Court then stated that the decision to grant or deny confirmation is within the sound discretion of the trial court. *Id.* The Court recognized that the primary goal of a foreclosure sale is to protect the interests of the debtor while ensuring the creditors received payment for unpaid debt, which would entail a desire to obtain the maximum amount of money from the sale. *Id.* at 56. Yet, the Court also recognized the general policy of the law to give judicial sales a certain degree of finality. *Id.*

**{¶43}** The Court concluded that purchasers at a foreclosure sale have "no vested interest in the property prior to confirmation of the sale by the trial court" and thus have no standing to appeal if the trial court subsequently denies confirmation. *Id.* at 55. In a footnote, the Court added that the purchasers were not aggrieved parties because they did not have a vested interest in the subject property prior to confirmation of the foreclosure sale. *Id.* at fn.3. The footnote additionally stated: "Likewise, because confirmation was denied, they have no present interest in the subject matter of this litigation and, thus, no right of appeal under long-standing Ohio law." *Id.*

**{¶44}** It was then reiterated that the debtor has the absolute right to redeem prior to confirmation. *Id.* at fn.4. It was also stated that if the purchasers were permitted to appeal, their status would be elevated above the debtor and creditor and "[i]t would be illogical to grant to purchasers, who have no vested interest in the

property prior to confirmation, the power to nullify a sale that is more advantageous to the debtor and creditors." *Id.* at 56.

**{¶45}** There are several distinguishing factors here. First, the purchaser in *Ambrose* was attempting to appeal the order setting aside the sale, whereas the purchaser here appealed from the denial of intervention. The Supreme Court was evaluating the existence of an interest for purposes of conferring standing to appeal, not for purposes of permitting intervention. And, the purchaser in *Ambrose* did not attempt to intervene, whereas the purchaser here did attempt to intervene. Additionally, *Ambrose* stated that there was no "vested" interest in the property, whereas Civ.R. 24(A)(2) mentions only an "interest in the property or the transaction that is the subject of the action * * *."

**{¶46}** Moreover, the Supreme Court did recognize that purchasers "do have some type of right in the *proceedings* prior to confirmation." This right in the proceedings prior to confirmation would include a right to ask for and, in certain cases, receive intervention. Finally, the sale was vacated in *Ambrose* because the debtor had the absolute right to redeem, whereas there is no absolute right of a bank to buy the property; nor is there an absolute right of a bank to have a sale vacated on the legally incorrect grounds provided to the trial court in this case.

**{¶47}** In the Supreme Court's later *Pontious* case, the county treasurer moved to set aside a sheriff's sale on the ground that the appraisals were based on erroneous information, which stifled the bidding process as this information was announced at the sale. The purchaser was served notice of the motion but did not respond to the treasurer's motion within the fourteen days required by local rule. And, prior to a scheduled hearing on the motion to set aside the sale, the parties in the underlying foreclosure action agreed to set aside the sale. Thus, the trial court vacated the sale.

**{¶48}** The purchaser filed a motion to intervene the next day. The trial court denied the motion, noting that the purchaser did not timely respond to the treasurer's motion to vacate the sale. There is no indication that the purchaser appealed that decision. Rather, the purchaser filed a petition for a writ of mandamus in the

appellate court asking to compel the trial judge to vacate the order setting aside the sale, asserting that the statute implicitly requires the court to conduct a hearing prior to confirming or setting aside a sale. The Twelfth District dismissed the action, finding that the purchaser had no clear legal right to a hearing under the confirmation statute and the *Ambrose* case. The Supreme Court affirmed.

**{¶49}** The Court first disposed of the purchaser's argument that a hearing is required under the language in R.C. 2329.31, which provides that the court shall confirm the sale if it was made in compliance with the statutes after the court conducts a "careful examination of the proceedings of the officer making the sale." *Pontious*, 75 Ohio St.3d at 566-567. The Court concluded that this language does not confer a clear legal right or a clear legal duty regarding a hearing. *Id.* at 567.

**{¶50}** The Court then disposed of the purchaser's argument that his due process right to a hearing prior to vacation was violated. *Id.* The Court noted that the purchaser failed to cite authority as to whether its successful bid was a property interest protected by the due process clause. *Id.* The Court stated that it need not decide the issue here because the purchaser received notice and an opportunity for some kind of hearing prior to deprivation, pointing out that the purchaser failed to respond to the treasurer's motion within fourteen days as required by local rule. *Id.*

**{¶51}** The Court then reviewed its *Ambrose* case, noting that although the purchaser generally possesses some type of interest in the proceedings prior to confirmation (again emphasizing "proceedings"), this was not enough to give the purchaser standing to appeal the order vacating the sale. *Id.* at 567-568. The Court summed up *Ambrose* by stating: "absent confirmation, the purchaser had no actionable interest by virtue of the successful bid *alone.*" (Emphasis added). *Id.* at 568.

**{¶52}** The Court distinguished an appellate case finding a right to participate in confirmation on the basis that the purchaser in that case was granted leave to intervene, where this purchaser was not. *Id.* at 568, citing *Federal Home Loan Mtge. Corp. v. Slagle*, 11th Dist. Nos. 92-L-022 and 92-L-035 (Dec. 4, 1992). The *Pontious* Court found that *Slagle* could not be extended to stand for the premise that a

purchaser has a right to be heard "irrespective of intervention" or the purchaser's interest would rise to a level that *Ambrose* did not intend. *Id.* The Court continued: "Thus, *Ambrose* is consistent with a finding that the purchaser's ability to participate in confirmation proceedings as a party, for any purpose, *depends on the purchaser's intervention.*" (Emphasis added). *Id.*

{¶53} The Court then disposed of the purchaser's argument that the trial court set aside the sale without requiring actual evidence of irregularities. The Court pointed out that mandamus does not lie to control judicial discretion. *Id.* at 569. The Court alternatively stated that there was evidence before the trial court in the form of an agreed entry wherein the debtor and the treasurer agreed that irregularities occurred in the sale which prejudiced the bidding. *Id.*

{¶54} *Pontious* is distinguishable, and the statements within it concerning the lack of bidder rights do not bar the purchaser from intervening. Firstly, *Pontious* was a writ action asserting hearing rights regardless of intervention rather than the appeal from the denial of intervention that we have here. Secondly, the purchaser in *Pontious* had time to respond to the motion to vacate, whereas here the trial court ruled on the bank's motion on the third business day after the motion was filed. Thirdly, the bank's reasons for vacation here were clearly and legally erroneous, and there is no discretion to alter the plain language of the statutes. Finally, *Pontious* specifically recognized that the purchaser's ability to participate is dependent upon intervention.

{¶55} As *Ambrose* and *Pontious* were not cases reviewing the appeal of a request to intervene, their statements, although relevant, are not directly on point. Just because a purchaser does not have a vested property right upon a mere successful bid (prior to confirmation) does not mean they have no right to seek intervention. We reject the bank's argument that the holdings of *Ambrose* and *Pontious* bar purchasers from intervening as a matter of right under the second element required for such intervention: "the applicant claims an interest relating to the property or transaction that is the subject of the action * * *."

**{¶56}** If the bank did not file a legally incorrect motion (nearly seven weeks after the sheriff filed the return of sale), which motion failed to advise the court that the parties were all in default and failed to fully cite the statutes which allegedly rendered the sale void, then the sale would have been confirmed and the property rights would have been fully vested in the Bostons. The bank's response to intervention rested on their own lack of compliance with statutes that they misinterpreted. And, the bank's only arguments against intervention on appeal involve whether the purchasers have a legally protectable interest prior to confirmation (with reiteration of their argument that the sale was void for claimed statutory non-compliance). [5]

**{¶57}** Civ.R. 24(A)(2) does not refer to vested property rights. Rather, it deals with an interest in the property or the transaction that is the subject of the action. Although the Bostons' rights in the property would not have vested until confirmation, they still had "some type of right in the *proceedings* prior to confirmation." (Emphasis original). *See Ambrose,* 56 Ohio St.3d at 54. Intervention was mentioned as an option for purchasers in the facts of the *Ambrose* case and emphasized by the *Pontious* Court as an available procedure.

**{¶58}** Civ.R. 24 is to be liberally construed in favor of intervention. We conclude that the Bostons claimed a legally protectable interest relating to the property or transaction that is the subject of the action, and the under the totality of the circumstances existing in this case, intervention should have been permitted as a matter of right.

---

[5]Contrary to a suggestion of the bank at oral argument, a purchaser cannot be expected to hire legal counsel and seek intervention after he wins a sheriff's sale *just in case* someone later attempts to have the sale vacated. Nor can a purchaser be expected to seek intervention prior to January 4 when the motion was not even placed in the mail by the bank until December 31 (especially with New Year's Day being a legal holiday). It is disingenuous to argue that a motion to intervene should have been filed before the court vacated the sale under the facts of this case. We also note that although a proposed judgment entry was contained in the motion sent to the Bostons, the court's docket does not indicate that the Bostons were served with the court's actual January 4 decision. Finally, the statute contemplates a court confirming the sale within thirty days, but the bank did not file its motion to vacate until almost seven weeks had passed. If time were to be construed against any party, it would be the bank. In any event, timeliness was not raised by the bank below or in its appellate brief.

**{¶59}** Regardless, we would also conclude that the court abused its discretion in not allowing permissive intervention. Permissive intervention is provided for in Civ.R. 24(B), which states in pertinent part that anyone may be permitted to intervene: (1) upon timely application, (2) when an applicant's claim or defense and the main action have a question of law or fact in common, and (3) when the intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. Civ.R. 24(B).

**{¶60}** Notably, the bank's arguments regarding whether the Bostons have an "interest" would not apply to permissive intervention as the rule does not contain that element. The bank suggests that permissive intervention does not require major analysis because the Bostons merely used it as a catch-all, alternative argument.

**{¶61}** The Bostons did argue that there would have been no harm to the bank in permitting intervention, and the bank made no case for "undue" delay or prejudice that would have ensued as a result of intervention. Any delay or prejudice to the bank would not have been "undue" considering the bank's motion to vacate (filed nearly seven weeks after the sheriff's return of sale), the incorrect reasons provided therein, and the failure to fully cite the statutory requirements or the pertinent facts of the case. In fact, any delay or prejudice would have been "due" to the bank (in both senses of the word.)

**{¶62}** The bank also states that there is no question of law or fact in common between the purchasers' claim concerning the vacation of the sale and the main action involving the bank and the debtor. However, the claim the purchasers wished to set forth responded to the bank's assertions in its request to vacate the sale concerning the requirements of R.C. 2329.26(A)(1)(a). Plus, the same property is involved in the purchaser's claim and the bank's action. There is a sufficient question of law or fact in common.

**{¶63}** In sum, the purpose of intervention is compelling, there are unusual circumstances weighing in favor of intervention, and the sheriff had not yet conducted the second sale. As aforementioned, Civ.R. 24 is to be liberally constructed in favor

of intervention.  Under the totality of the facts and circumstances existing in this case, it was unreasonable and unconscionable to refuse permissive intervention.

**{¶64}** Again, the Supreme Court suggested that intervention by a purchaser is an option.  Thus, it must either be an option through a motion to intervene as a matter of right or through permissive intervention.  Either way, it was required in this case.

<u>CONCLUSION</u>

**{¶65}** The bank incorrectly informed the trial court that there was a failure to comply with the statutory requirement concerning service of notice on the parties in R.C. 2329.26(A)(1)(a)(i).  The bank failed to cite the beginning and the end of this statutory provision (which specify that notice of sale need not be provided to those in default), and the bank failed to inform the trial court that the parties were all in default. *See* R.C. 2329.26(A)(1)(b).

**{¶66}** The bank also misinterpreted division (A)(1)(a)(ii) involving the duty to file with the clerk a copy of the written notice with proof of service on the parties.  If there was no written notice served on the parties, there is nothing mandatory to file with the clerk.  Division (A)(1)(a) clearly states that both (A)(1)(a)(i) and (A)(1)(a)(ii) are subject to the defaulting party exception in (A)(1)(b).  The bank also erroneously urged that any sale would be defective and void and would not convey marketable title based upon the alleged violation of (A)(1)(a)(ii).

**{¶67}** The bank's request for vacation of the sale was based upon these incorrect legal arguments and half-citations/partial quotes.  The Bostons sought intervention to make the proper arguments concerning the statute.  Contrary to the bank's assertion, the Bostons have a legally protectable interest in the property or the transaction that is the subject of the bank's action *for purposes of Civ.R. 24(A)(2)* even if their property interest was not yet vested.  And, contrary to the bank's alternative position, the Bostons' claim and the main action have a common question of law or fact, allowing for permissive intervention under Civ.R. 24(B)(2).

**{¶68}** Accordingly, we reverse the denial of intervention, allow the Bostons to intervene, and remand the case to a point prior to the court's denial with instructions for the trial court to accept the Bostons' filings (which included a cross-claim and

motion to vacate the order granting the bank's motion to vacate the sale). As the trial court thereafter reconsiders the positions set forth in the bank's motion to vacate, it shall apply the statutes as explained in the first part of our opinion.

Donofrio, J., concurs.
Waite, J., concurs.